510 So.2d 1001 (1987)
The STATE of Florida, Appellant,
v.
Frederick Jerome WESTON, Appellee.
No. 86-3073.
District Court of Appeal of Florida, Third District.
July 14, 1987.
Rehearing Denied September 2, 1987.
Robert A. Butterworth, Atty. Gen., and Michele L. Crawford, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
Weston pled nolo to armed robbery and possession of a firearm in the holdup of a Miami fast food outlet. Although the guidelines computation yielded a recommended sentence of 3 1/2 to 4 1/2 years, the trial court sentenced the defendant under the Youthful Offender Act to 364 days in the county jail followed by two years community control. The two written reasons indicated to justify the downward departure were that the defendant (a) was only nineteen years of age and (b) had no prior *1002 criminal or juvenile record whatsoever. Purportedly pursuant to section 924.07(5), Florida Statutes (1985), the state now seeks review of the sentence. We dismiss the appeal on the ground that the prosecution may not secure review of a Y.O.A. sentence below the guidelines.
The interrelationship between the guidelines and youthful offender sentences has been the subject of continuing change and controversy. See Vega v. State, 498 So.2d 1294 (Fla. 5th DCA 1986). Initially, all statutory sentencing alternatives, including the Y.O.A., were deemed to supplant the guidelines. See Fla.R.Crim.P. 3.701(d)11 committee note (1983). As of July 1, 1984, this provision was deleted and the directly opposite rule came into effect. Under the amendment
while statutory alternatives are acknowledged the sentencing court is required to explain the guidelines departure when an alternative program is used.
The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984); see Whitehead v. State, 498 So.2d 863 (Fla. 1986) (habitual offender act). In 1985, in the action we deemed decisive in this case, the legislature directly addressed the present guidelines Youthful Offender issue by adopting an amendment to the Y.O.A., section 958.04(3), which provides:
The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to § 921.001 unless clear and convincing reasons are explained in writing by the trial court judge. A sentence imposed outside of such guidelines shall be subject to appeal by the defendant pursuant to § 924.06. [e.s.]
It seems clear that this explicit prohibition of guideline increases without adherence to the clear and convincing requirements and the explicit subjection of any such term to appeal by the defendant, read together with the just-as-pointed omission of a reverse prohibition of a downward departure and of any authorization of a state appeal must mean that the latter does not exist. A number of hoary, but valuable, rules of statutory construction require this result. Preeminent is that of "expressio unius est exclusio alterius," 49 Fla.Jur.2d Statutes § 126 (1984), which merely signifies that by mentioning only a defense appeal, the legislature wished to exclude one by the prosecution to which it did not refer. Similarly, the notions that the specific controls the general, 49 Fla. Jur.2d Statutes § 182, and that later enactments control earlier ones, 49 Fla.Jur.2d Statutes § 181, lead to the determination that section 958.04(3) takes precedence both over the 1984 general amendment to the guidelines, see The Florida Bar, 451 So.2d at 824, and over section 924.07(5) under which the state has the broad and general right to appeal from downward departures. Finally, since section 924.06(1)(c) gives the defendant the right to appeal from any upward departure, there would be no purpose to granting that right in section 958.04(3), see 49 Fla.Jur.2d Statutes § 179; Alexander v. Booth, 56 So.2d 716 (Fla. 1952) (every statute deemed to serve useful purpose), unless the legislature meant section 958.04(3) to occupy the field of the reviewability of sentences imposed under the Y.O.A. See State v. C.C., 476 So.2d 144 (Fla. 1985).
We believe, in sum, that section 958.04(3) represents a conscious decision by the legislature that an appropriate employment ofthe Y.O.A. pursuant to the statutory requirements as to the particular defendant,[1] see Ellis v. State, 475 So.2d 1021 (Fla.App. 1985), itself constitutes a proper basis for a more lenient, but not necessarily for a harsher, sentence than under the guidelines. Since, as a part of this scheme, the statute does not provide for appellate review of downward departures and since the state's right to appeal from final orders like this is entirely statutory, State v. *1003 Creighton, 469 So.2d 735 (Fla. 1985), the appeal is dismissed.[2],[3]
Appeal dismissed.
NOTES
[1] The state admits that this is the case here.
[2] We recognize and certify that this result is directly contrary to State v. Evans, 503 So.2d 985 (Fla. 5th DCA 1987), with which we respectfully disagree.
[3] Because of the likely review of our holding and in the interest of a complete adjudication of this cause, we alternatively, by what is no doubt technically dictum, review the merits of the reasons given by the trial court for departure. (Of course, under our primary holding, none were necessary. Contra Evans.). In our view, the youth of the defendant does constitute a sufficient mitigating circumstance. State v. D'Alexander, 496 So.2d 1007 (Fla. 2d DCA 1986); State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986) and cases cited; see § 921.141(6)(g) (age of defendant mitigating circumstance as to death penalty). While the lack of a prior record is factored into the guidelines and therefore may not properly be included, State v. Holcomb, 481 So.2d 1263 (Fla. 3d DCA 1986), we are satisfied beyond a reasonable doubt that the trial court would have imposed the same sentence on the basis of the age factor alone. See State v. Mitchell, 507 So.2d 686 (Fla. 1st DCA 1987). Thus, if we were deemed to have jurisdiction over this appeal, we would affirm the sentence below.