517 So.2d 788 (1988)
STATE of Florida, Appellant,
v.
Raymond Eric DIERS, Appellee.
No. 87-1172.
District Court of Appeal of Florida, Second District.
January 8, 1988.
*789 Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellee.
FRANK, Judge.
Raymond Diers was convicted of aggravated battery and sentenced, pursuant to the youthful offender act (Y.O.A.), to four years in prison followed by two years of community control. He was also ordered to pay restitution to the victim of his attack in the amount of the hospital bills. His sentence was below the recommended guidelines range of five and one-half to seven years. The state has appealed from the downward departure and the defendant has cross-appealed from the restitution order as well as from the court's denial of his motion for judgment of acquittal.
We deal first with the state's appeal and find that it must be dismissed on the ground that there exists no statutory authority for an appeal by the state when the court imposes a sentence less than the guidelines recommendation pursuant to the Y.O.A. In reaching this decision we have relied upon the analysis and reasoning expressed by our sister court in State v. Weston, 510 So.2d 1001 (Fla. 3d DCA 1987). Significant considerations impel us to this conclusion.
First, the Y.O.A. is more specific than the guidelines scheme and directs that its penalties are to be imposed "[i]n lieu of other criminal penalties authorized by law." § 958.04(2), Fla. Stat. (1985). Second, the legislative amendment to the Y.O.A. specifically provides for a defendant's appeal from an upward departure from the guidelines but is silent on both downward departures and the state's right to appeal. These significant statutory provisions are obviously intended to implement the expressed rehabilitative policy of the Y.O.A.: "improv[ing] the chances of correction and successful return to the community" of those who have been adjudged youthful offenders. § 958.021, Fla. Stat. (1985).
We, as did the third district in Weston and again in State v. Odom, 514 So.2d 424 (Fla. 3d DCA 1987), certify that our decision conflicts with the fifth district's opinion in State v. Evans, 503 So.2d 985 (Fla. 5th DCA 1987), which allowed a state appeal from a Y.O.A. sentence because the judge had failed to explain the guidelines departure in writing.
Our review of the record in connection with the defendant's cross-appeal discloses substantial competent evidence supporting the state's theory that the defendant used unjustified deadly force against the victim and rebuts the defendant's theory of self-defense. The motion for judgment of acquittal was properly denied.
The judge erred, however, in ordering Diers to pay the victim's hospital bills without specifying the total expenses incurred from this incident, a sum that is nowhere apparent from the record. Although Diers failed to object to the order requiring that he pay restitution  an omission that would preclude appellate review of other issues, see Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987),  we have remanded matters of this kind to the trial court when a determination of the amount of restitution has not been made by the sentencing judge. Bostic v. State, 504 So.2d 794 (Fla. 2d DCA 1987). As we stated in Shipley v. State, 512 So.2d 1135 (Fla. 2d DCA 1987), it is the trial court's obligation *790 to fix the amount to be restituted and we remand for the conduct of a hearing for it to make that determination.
Accordingly, the state's appeal is dismissed, the judgment of conviction is affirmed, and the case is remanded for a restitution hearing. In all other respects the sentence is affirmed.
CAMPBELL, A.C.J., and HALL, J., concur.