532 So.2d 1117 (1988)
STATE of Florida, Appellant,
v.
Mark A. NEALY, Appellee.
No. 87-2295.
District Court of Appeal of Florida, Second District.
October 21, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellee.
HALL, Judge.
Mark Nealy, who was sixteen years old at the time of sentencing, was charged with robbery, kidnapping, and grand theft. Because of his age and the fact that he had never been "locked up like an animal," the trial judge determined that Nealy should be sentenced as a youthful offender under chapter 958, Florida Statutes (1987), to the Department of Corrections for four years, followed by two years of community control for each count to run concurrently.
Nealy agreed to plead no contest on the terms and conditions stated by the court. The state objected to sentencing Nealy as a youthful offender and requested that he be sentenced under the guidelines, which provided for a sentence in the range of seven to nine years' incarceration.
The state contends that the trial court erred in sentencing Nealy without providing a written order setting forth reasons *1118 supporting the downward departure from the sentencing guidelines presumptive range. This contention is without merit because the trial court sentenced Nealy under the Youthful Offender Act. In so doing it could not sentence Nealy to the seven to nine years recommended by the guidelines because the maximum sanction allowed by the Youthful Offender Act is six years. See Allen v. State, 526 So.2d 69 (Fla. 1988). Consequently, the trial court was not departing from the guidelines when it sentenced Nealy. Rather, it was sentencing Nealy to one of the sentencing alternatives provided by the Youthful Offender Act.
Notwithstanding our disposition of this appeal, in light of the state's contention, we shall address the interplay between the sentencing guidelines and the Youthful Offender Act.
The state appears to argue that a youthful offender sentence is subject to the guidelines and a downward departure must therefore be supported by written reasons. Section 958.04(3) of the Youthful Offender Act is the only section of the act that refers to the sentencing guidelines. It reads as follows:
The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to section 921.001 unless reasons are explained in writing by the trial court judge which reasonably justify departure. A sentence imposed outside of such guidelines shall be subject to appeal pursuant to section 924.06 or section 924.07.
The right of appeal by the state was added by the legislature last year. That amendment of section 958.04(3) was the only material change the legislature made to the statute. It did not alter the original wording, which only requires written reasons to be submitted by the trial court when it departs upward from the recommended guidelines range.
As we stated in State v. Diers, 517 So.2d 788, 789 (Fla. 2d DCA 1988),
the Y.O.A. is more specific than the guidelines scheme and directs that its penalties are to be imposed "[i]n lieu of other criminal penalties authorized by law." § 958.04(2), Fla. Stat. (1985). Second, the legislative amendment to the Y.O.A. specifically provides for a defendant's appeal from an upward departure from the guidelines but is silent on both downward departures and the state's right to appeal.
(Emphasis supplied).
Though the latest legislative amendment of section 958.04(3) has added the right of the state to appeal, it remains silent as to downward departures.
Notwithstanding the silence of the statute on the need for written reasons in support of a downward departure, in light of the Fifth District's holding in Wiedeman v. State, 506 So.2d 1079 (Fla. 5th DCA 1987), that written reasons are required in such circumstances, we certify the following question to the Florida Supreme Court as being one of great public importance:
WHETHER THE TRIAL COURT IS REQUIRED TO STATE WRITTEN REASONS WHEN IT IMPOSES A SENTENCE UNDER THE YOUTHFUL OFFENDER ACT WHICH IS LESS THAN THAT RECOMMENDED UNDER THE SENTENCING GUIDELINES?
AFFIRMED.
SCHEB, A.C.J., concurs.
PARKER, J., concurs specially.
PARKER, Judge, specially concurring.
I agree that the trial court should be affirmed, but for different reasons.
First, I note that this court has already decided that effective July 1, 1987, the state is permitted to appeal a guidelines departure sentence imposed under the Youthful Offender Act. State v. McLeod, 524 So.2d 702 (Fla. 2d DCA 1988).[1] *1119 McLeod unequivocally allows the state to seek appellate review of a sentence that represents a departure downward from the sentencing guidelines, even if that sentence is imposed under the Youthful Offender Act (Ch. 958, Fla. Stat. (1987)).
Nealy relying on Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), argues that even if the state has the authority to appeal his sentences following the July 1, 1987, amendment to the Youthful Offender Act, that amendment may not be applied retrospectively so as to produce a result which is more harsh than that which Nealy could have received under the statute as it existed at the time of Nealy's offenses on March 21 and 22, 1987. I agree with Nealy that the effect of the amendment is disadvantageous to him in a manner violative of ex post facto principles.
While the amendment does not per se increase the punishment which a defendant may receive for any given offense, it does afford the state the right to seek review of a sentence outside the guidelines which favors the defendant. As such, it imposes upon the trial court the burden to justify its downward departure which, if not met, is subject to reversal and the imposition of the harsher guidelines sentence on remand. Although the amended statute dispenses with the requirement of clear and convincing reasons, it still demands the trial court to explain in writing its reasons that would "reasonably justify departure." No such explanations were offered by the trial court in this case. If Nealy were to be resentenced under the guidelines by virtue of the proper application of this amendment, his incarcerative sentence could potentially increase from four to nine years.[2] This change in the law governing youthful offenders would certainly constitute an ex post facto violation if applied to Nealy as is urged by the state in this appeal.
Consistent with the Supreme Court's directive in Miller, I would reject the state's position in this appeal and affirm the trial court. However, since I disagree with the interpretation the majority seems to place upon the Youthful Offender Act (the Act), I take this opportunity also to address the interplay of the sentencing guidelines with the Act.
When the sentencing guidelines were originally enacted, the following language was adopted by the supreme court under the Committee Note to Florida Rule of Criminal Procedure 3.701(d)(11):
Sentences under provisions of the Youthful Offender Act (ch. 958), the Mentally Disordered Sex Offender Act (ch. 917), or which require participation in drug rehabilitation programs (sec. 397.12) need not conform to the guidelines.
That entire paragraph was stricken by the supreme court in 1984. See The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). In a footnote explanation of the change, the supreme court stated:
The Committee Note to 3.701(d)(11), which discusses statutory alternatives, has been completely eliminated. While these statutory alternatives are acknowledged, the sentencing court is required to explain the guideline departure when an alternative program is used.

Id. at 824 n. 12 (emphasis added). No exception was drawn for downward departures by the supreme court to the above requirement that a departure sentence be explained by the trial court.
Since the supreme court by rule has directed the sentencing court to explain any *1120 guidelines departure when a youthful offender sentence is imposed, and McLeod holds that the state has a right under the amended section 958.04(3) to appeal a sentence imposed under the Act less than the guidelines recommendation, I disagree with the majority that the silence of the statute concerning downward departures removes the necessity of written reasons to justify such departures.[3] While the majority opinion acknowledges this right of appeal by the state, it does not explain what it is that the state may appeal. It seems illogical that the legislature would amend the statute to afford the state the right to appeal a sentence below the guidelines, but at the same time not require some justification by the trial court for the departure. Indeed, why afford the state such an empty right of appeal?
In addition, section 958.04(3) must be read in pari materia with section 921.001, Florida Statutes (1985), which establishes the statutory authority for the promulgation of the sentencing guideline rules (Florida Rules of Criminal Procedure 3.701 and 3.988). Section 921.001(6) specifically states that:
The sentencing guidelines shall provide that any sentences imposed outside the range recommended by the guidelines be explained in writing by the trial court judge.
The requirement set out above is also consistent with the generally stated policy behind the guidelines of establishing a uniform sentencing scheme.
Allen v. State, 526 So.2d 69 (Fla. 1988), cited by the majority, clearly holds that once a defendant is sentenced under the Act, the maximum term of the sentence cannot exceed six years. However, although in this case the majority correctly points out that the trial court could not sentence Nealy as a youthful offender within the recommended range of seven to nine years, that does not obviate the requirement of a written explanation for the departure sentence as contemplated by the 1984 amendment to the sentencing guidelines and the general dictate of section 921.001(6).
The majority's opinion further appears to be in direct conflict with Wiedeman v. State, 506 So.2d 1079 (Fla. 5th DCA 1987). In Wiedeman, a case that predated the 1987 amendment to section 958.04(3), permitting the state to appeal a guidelines departure sentence imposed under the Act,[4] the fifth district reversed a youthful offender sentence of four years incarceration followed by ten years probation. The court found that sentence improper for two reasons; first, it exceeded the six-year limitation for a youthful offender sentence, and second, it represented a downward departure from the recommended guidelines sentence of four and one-half to five and one-half years incarceration without the statement by the trial court of clear and convincing written reasons for the departure as required under Florida Rule of Criminal Procedure 3.701(d)(11). Because I perceive the majority's holding to be in conflict with Wiedeman, I agree that the question posed by the majority should be certified.
Lastly, it is significant that other district courts besides the fifth district have held that the trial court must utilize the sentencing guidelines when imposing a youthful offender sentence. Hudson v. State, 475 So.2d 1018 (Fla. 4th DCA 1985); Braddock v. State, 472 So.2d 875 (Fla. 1st DCA 1985).
For the reasons I have expressed above, I would also affirm the sentencing order.
NOTES
[1] The legislature amended section 958.04, Florida Statutes (1985), to read as follows:

958.04 Judicial disposition of youthful offenders. 
(3) The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to s. 921.001 unless clear and convincing reasons are explained in writing by the trial court judge which reasonably justify departure. A sentence imposed outside of such guidelines shall be subject to appeal by the defendant pursuant to s. 924.06 or s. 924.07. [The stricken portions represent omitted material and the underlined portions additions].
Ch. 87-110, §§ 3, 4, Laws of Fla.
[2] Although Nealy could not be sentenced as a youthful offender beyond six years, if the court cannot justify the downward departure Nealy would have to be sentenced as an adult within the presumptive guidelines range of seven to nine years.
[3] In passing, I would note that the sentencing order which was the subject of this court's decision in State v. Diers, 517 So.2d 788 (Fla. 2d DCA 1988), cited by the majority in support of its opinion, preceded the effective date of the amendment to section 958.04(3).
[4] Although Wiedeman was decided before the amendment to the statute, the amendment does not affect the result reached in Wiedeman.