532 So.2d 1271 (1988)
STATE of Florida, Petitioner,
v.
Raymond Eric DIERS, Respondent.
No. 71779.
Supreme Court of Florida.
October 27, 1988.
Robert A. Butterworth, Atty. Gen. and David R. Gemmer, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and Paul C. Helm, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for respondent.
McDONALD, Justice.
We review State v. Diers, 517 So.2d 788 (Fla. 2d DCA 1988), because of conflict with State v. Evans, 503 So.2d 985 (Fla. 5th DCA 1987). We have jurisdiction pursuant to article V, section 3(b)(3) of the state constitution. Diers held that the state could not appeal the sentence of a defendant sentenced pursuant to the Youthful Offender Act (section 958.04, Florida Statutes (1985)) even though the youthful offender sentence was less than that prescribed by the sentencing guidelines. Evans reversed a youthful offender sentence when the trial judge failed to state clear and convincing reasons for the sentence, which was less than that which the guidelines called for.
The issue is whether the state could appeal Diers' sentence as a youthful offender, which was less than that prescribed by sentencing guidelines.[*] In its decision the Second District Court of Appeal relied upon the analysis and reasoning of the Third District Court of Appeal in State v. Weston, 510 So.2d 1001 (Fla. 3d DCA 1987). In Weston, Judge Schwartz wrote:
The interrelationship between the guidelines and youthful offender sentences has been the subject of continuing change and controversy. See Vega v. State, 498 So.2d 1294 (Fla. 5th DCA 1986). Initially, all statutory sentencing alternatives, including the Y.O.A., were deemed to supplant the guidelines. See Fla.R.Crim.P. 3.701(d)11 committee note (1983). As of July 1, 1984, this provision was deleted and the directly opposite rule came into effect. Under the amendment
while statutory alternatives are acknowledged the sentencing court is required to explain the guidelines departure when an alternative program is used.

*1272 The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984); see Whitehead v. State, 498 So.2d 863 (Fla. 1986) (habitual offender act). In 1985, in the action we deemed decisive in this case, the legislature directly addressed the present guidelines Youthful Offender issue by adopting an amendment to the Y.O.A., section 958.04(3), which provides:
The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to § 921.001 unless clear and convincing reasons are explained in writing by the trial court judge. A sentence imposed outside of such guidelines shall be subject to appeal by the defendant pursuant to § 924.06. [e.s.]
It seems clear that this explicit prohibition of guideline increases without adherence to the clear and convincing requirements and the explicit subjection of any such term to appeal by the defendant, read together with the just-as-pointed omission of a reverse prohibition of a downward departure and of any authorization of a state appeal must mean that the latter does not exist. A number of hoary, but valuable, rules of statutory construction require this result. Preeminent is that of "expressio unius est exclusio alterius," 49 Fla.Jur.2d Statutes § 126 (1984), which merely signifies that by mentioning only a defense appeal, the legislature wished to exclude one by the prosecution to which it did not refer. Similarly, the notions that the specific controls the general, 49 Fla.Jur.2d Statutes § 182, and that later enactments control earlier ones, 49 Fla.Jur.2d Statutes § 181, lead to the determination that section 958.04(3) takes precedence both over the 1984 general amendment to the guidelines, see The Florida Bar, 451 So.2d at 824, and over section 924.07(5) under which the state has the broad and general right to appeal from downward departures. Finally, since section 924.06(1)(c) gives the defendant the right to appeal from any upward departure, there would be no purpose to granting that right in section 958.04(3), see 49 Fla.Jur. 2d Statutes § 179; Alexander v. Booth, 56 So.2d 716 (Fla. 1952) (every statute deemed to serve useful purpose), unless the legislature meant section 958.04(3) to occupy the field of the reviewability of sentences imposed under the Y.O.A. See State v. C.C., 476 So.2d 144 (Fla. 1985).
We believe, in sum, that section 958.04(3) represents a conscious decision by the legislature that an appropriate employment of the Y.O.A. pursuant to the statutory requirements as to the particular defendant, see Ellis v. State, 475 So.2d 1021 (Fla.App. 1985), itself constitutes a proper basis for a more lenient, but not necessarily for a harsher, sentence than under the guidelines. Since, as a part of this scheme, the statute does not provide for appellate review of downward departures and since the state's right to appeal from final orders like this is entirely statutory, State v. Creighton, 469 So.2d 735 (Fla. 1985), the appeal is dismissed.
510 So.2d at 1002-03 (footnotes omitted).
We, too, agree with this analysis and therefore approve Diers. To the extent of conflict, we disapprove Evans.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] We express no opinion on the effect of any legislation adopted subsequent to the sentence in question.