PER CURIAM.
The state appeals and alleges the trial court erred in imposing a sentence under the Youthful Offender Act (YOA) that deviated downward from the sentencing guidelines without a written order stating reasons for the departure. We affirm.
McLeod entered pleas of guilty to the charges of robbery and kidnapping. His sentencing guidelines scoresheet indicated a sentence within the range of five and one-half to seven years incarceration. McLeod was sentenced under the YOA to four years incarceration to be followed by two years community control on each count,, the counts to run concurrently. No written statement setting forth reasons for the departure sentence was filed by the trial court under Florida Rule of Criminal Procedure 3.701(d)(ll).* It is that failure to enunciate written departure reasons that the state challenges in this appeal.
This court recently decided the issue before us to the benefit of the defendant in *917 State v. Nealy, 532 So.2d 1117 (Fla. 2d DCA 1988) in which we certified the following question to the supreme court:
WHETHER THE TRIAL COURT IS REQUIRED TO STATE WRITTEN REASONS WHEN IT IMPOSES A SENTENCE UNDER THE YOUTHFUL OFFENDER ACT WHICH IS LESS THAN THAT RECOMMENDED UNDER THE SENTENCING GUIDELINES?
As we did in Nealy, we find no necessity for the trial court to provide written reasons in support of such a departure sentence under the YOA and affirm the trial court. We again certify the above question to the supreme court as one of great public importance.
AFFIRMED.
CAMPBELL, C.J., and SCHEB, J., concur.

The rule provides:
11. Departures From the Guideline Sentence: Departures from the recommended or permitted guideline sentence should be avoided unless there are circumstances or factors which reasonably justify aggravating or mitigating the sentence. Any sentence outside of the permitted guideline range must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
Fla.R.Crim.P. 3.701(d)(ll).