541 So.2d 789 (1989)
STATE of Florida, Appellant,
v.
Roy Dean GREEN, Appellee.
No. 88-2356.
District Court of Appeal of Florida, Fourth District.
April 19, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellant.
Young T. Tindall of Rogers, Morris & Ziegler, Fort Lauderdale, for appellee.
STONE, Judge.
The defendant was sentenced as a youthful offender pursuant to section 958.04, Florida Statutes (1987), to a term below that recommended in the sentencing guidelines. The language on the scoresheet reflects the youthful offender sentence, but the state contends that additional clear and convincing reasons must be given for a downward departure.
In State v. Diers, 532 So.2d 1271 (Fla. 1988), the supreme court determined that, under the 1985 version of section 958.04(3), written reasons for a downward departure were not required in a youthful offender sentence. In 1987 the section was amended to permit appellate review by the state. Notwithstanding this modification, the legislature left intact the portion of the statute stating that:
The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to s. 921.001 unless reasons are explained in writing by the trial court judge which reasonably justify departure. [emphasis added].
In Diers, the court found that the "explicit" restriction imposed by the statute with respect to guideline increases, which, "read together with the just-as-pointed omission of a reverse prohibition of a downward departure," was a basis for concluding that the legislature did not intend to require that written clear and convincing reasons be given for a downward departure in a youthful offender sentence. Id. at 1272 (emphasis in original).
We recognize that the reasoning in Diers was in part based on the language in the 1985 statute, omitted in the 1987 amendment, restricting the right of appeal under the Act to defendants. However, notwithstanding the modification permitting appeals by the state, we conclude that clear and convincing reasons for the downward departure are not required where a youthful offender sentence is below the recommended *790 guideline sentence. See State v. Diers; State v. Nealy, 532 So.2d 1117 (Fla. 2d DCA 1988). The defendant's sentence is therefore affirmed.
GLICKSTEIN and POLEN, JJ., concur.