SCHWARTZ, Chief Judge.
Based on offenses which occurred in 1989, the trial court imposed a sentence *252 under the Youthful Offender Act[1] which, although it was substantially below the guidelines recommendation, was not accompanied by written (or oral) reasons to justify the departure. This is a state appeal which contends solely that written reasons are required by the applicable statute.[2] In accordance with Wiedeman v. State, 506 So.2d 1079 (Fla. 5th DCA 1987), but directly contrary to State v. Nealy, 532 So.2d 1117 (Fla. 2d DCA 1988) and State v. Green, 541 So.2d 789 (Fla. 4th DCA 1989), we conclude that the state’s position is correct.
The result in this case turns on the latest, though probably not the last, chapter in the continuing legislative-judicial saga of the interplay between the guidelines and sentencing under the Y.O.A. See State v. Diers, 532 So.2d 1271 (Fla.1988). The now pertinent part of that history began in 1985, when the legislature adopted an amendment to the Y.O.A. which provided:
(3) The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to s. 921.001 unless clear and convincing reasons are explained in writing by the trial court judge. A sentence imposed outside of such guidelines shall be subject to appeal by the defendant pursuant to s. 924.06.
§ 958.04(3), Fla.Stat. (1985). In Diers, the supreme court, adopting State v. Weston, 510 So.2d 1001 (Fla. 3d DCA 1987), held that, largely because the last sentence referred only to an appeal “by the defendant,” this provision did not permit the state to appeal at all from a Y.O.A. sentence which was below the guidelines. In 1987, however, the legislature rather pointedly effected a complete reversal of the Diers result[3] by removing the “by the defendant” qualification of the right to appeal and adding a reference to 924.07, the statute which provides for state criminal appeals. Thus, the last sentence of 958.-04(3) now reads:
A sentence imposed outside of such guidelines shall be subject to appeal pursuant to s. 924.06 or s. 924.07.
§ 958.04(3), Fla.Stat. (1989). We conclude that the effect of this amendment, which quite clearly permits a state appeal, also had the concomitant effect of requiring a lawful basis for a downward departure in the form of written reasons. We reach this conclusion by applying ordinary and common sense rules of statutory construction to the problem at hand:
1. There seems to be no doubt that the repeal of the limitation of the right of appeal “by the defendant” and the specific addition of section 924.07(l)(i), Florida Statutes (1989),[4] which authorizes state appeals from departure sentences, had the self-evident effect of overruling Diers and permitting state review of an issue like this one. See 49 Fla.Jur.2d Statutes § 134 (1984) (“In making material changes in the language of a statute, the legislature is presumed to have intended some objective or alteration *253 of the law unless the contrary is clear from all the enactments on the subject. The courts should give appropriate effect to the amendment.”) (footnotes omitted).
But it is also clear that, if written reasons are not necessary to justify a departure, as they are in every other such case, merely because the sentence is imposed under the Y.O.A., the right now conferred by the 1987 amendment to 958.04(3) would be an entirely illusory and futile one. In the absence of such a requirement, there would be simply no basis for any such appeal; no argument which could be asserted by the state for reversal; and no possible outcome but summary affirmance. An appeal, in other words, which has no chance to succeed is no appeal at all, and a holding to this effect, which is precisely the one sought by the defendant, would run directly counter to the most basic principle of statutory interpretation that the legislature is deemed to intend that each of its enactments, particularly including an amendatory one, serves a useful and viable purpose. Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362 (Fla.1977); Alexander v. Booth, 56 So.2d 716 (Fla.1952); 49 Fla.Jur.2d Statutes § 179. Applying this principle, we conclude that giving the state the right to appeal in itself means that it has the right to review a Y.O.A.-downward departure on a meaningful basis. That can only involve the requirement that the sentence be based upon legally satisfactory written reasons.
2. This determination is mandated also by the express terms of the 1987 amendment. As we have seen, the amendment not only deleted “by the defendant,” it added a reference to an appeal pursuant to “924.07.” To reiterate, the latter provision states in part that:
(1) The state may appeal from:
⅝ ⅝ ⅜ ⅛ ⅜: ⅝
(i) A sentence imposed outside the range recommended by the guidelines authorized by s. 921.001.
§ 924.07(l)(i), Fla. Stat. (1989) (emphasis supplied). Section 921.001, Florida Statutes (1989), the general guidelines provision of the Florida Statutes, in turn, provides:
(6) The sentencing guidelines shall provide that any sentences imposed outside the range recommended by the guidelines be explained in writing by the trial court judge.
By a process of successive cross references and incorporation, therefore, the right of appeal now contained in 958.04(3) includes a right to review a failure to comply with the requirement that written reasons justify a departure. 49 Fla.Jur.2d Statutes § 19. (“Where a statute adopts a part of or all of another statute by a specific and descriptive reference thereto, the effect is the same as if the provisions adopted were written into the adopting statute.”).
For these reasons, we hold that the sentence imposed below may not stand because of the trial court’s failure to assign the reasons for the downward departure. Because the trial court believed that no such reasons were necessary, we remand for the purpose of supplying any which may exist. See Roberts v. State, 547 So.2d 129 (Fla.1989). In their absence, Kepner shall be resentenced within the guidelines.[5] We certify that this decision is in direct conflict with Nealy and Green.
Reversed and remanded with directions.

.The state has seen fit both in its brief and at oral argument to emphasize the alleged heinousness of the crimes presently involved and the extent of Kepner’s past record. None of these factors has anything to do with the purely legal issue involved on this appeal. We consider this tactic, which is particularly offensive coming from the State of Florida, a rather transparent attempt to insult either our integrity, in the belief that our decision could be influenced by these emotional considerations, our intelligence, on the premise that we would not be aware of the state’s motivation, or both. As we did in an unfortunately similar situation in Malcolm v. State, 415 So.2d 891, 892 n. 2 (Fla. 3d DCA 1982), we strongly admonish counsel not to repeat this conduct.

. It is undisputed that the defendant-appellee qualifies for treatment under the statute.

. Diers expressly declined to rule upon the effect of this subsequent legislation. See Diers, 532 So.2d at 1271 n.*.

.
924.07 Appeal by state.—
(1) The state may appeal from:
******
(i) A sentence imposed outside the range recommended by the guidelines authorized by s. 921.001.
§ 924.07(l)(i), Fla.Stat. (1989).

. The effect of this holding is that the 1987 amendment to § 958.04(3) reinstated the rule in effect between 1984 and 1985, under which the guidelines are not displaced by statutory sentencing alternatives, including the Y.O.A. See State v. Diets, 532 So.2d at 1271; The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988-Sentencing Guidelines), 451 So.2d 824 (FIa.1984).