577 So.2d 576 (1991)
Mark KEPNER, Petitioner,
v.
STATE of Florida, Respondent.
No. 75793.
Supreme Court of Florida.
March 28, 1991.
Bennett H. Brummer, Public Defender and Robert Kalter, Asst. Public Defender, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Monique T. Befeler, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
We review State v. Kepner, 560 So.2d 251 (Fla. 3d DCA 1990), because of certified conflict with State v. Green, 541 So.2d 789 (Fla. 4th DCA 1989), and State v. Nealy, 532 So.2d 1117 (Fla. 2d DCA 1988). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. This case involves whether a trial court must provide written reasons for imposing sentence under the youthful offender statute[1] when such sentence would be a downward departure from the statewide sentencing guidelines recommended sentence.[2] The district court held that written reasons are required for such a departure and certified conflict with Green and Nealy, *577 We disagree with that holding, quash Kepner, and approve Green and Nealy.
Kepner's recommended guidelines sentence called for twelve to seventeen years of incarceration. The trial judge, however, sentenced Kepner as a youthful offender to four years of incarceration to be followed by two years of community control. This six years of sanctions is the maximum youthful offender sentence. § 958.04(2)(a), Fla. Stat. (1989). Although the judge verbalized his reasons for sentencing Kepner as a youthful offender, he did not provide written reasons for the less severe sentence.
Originally, the sentencing guidelines did not apply to any alternative sentencing schemes, including youthful offender sentencing. In 1985, however, the legislature amended chapter 958 extensively and added subsection 958.04(3), to read as follows:
(3) The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to s. 921.001, unless clear and convincing reasons are explained in writing by the trial court judge. A sentence imposed outside of such guidelines shall be subject to appeal by the defendant pursuant to s. 924.06.
Ch. 85-288, § 20, Laws of Fla. This paragraph, thus, required written reasons to justify a youthful offender sentence greater than the recommended guidelines sentence and gave defendants the right to appeal a departure sentence. In State v. Diers, 532 So.2d 1271 (Fla. 1988), we considered the second sentence of paragraph (3) and held that it did not give the state the right to appeal a youthful offender sentence of less than the recommended guidelines sentence.
Two years after enacting subsection 958.04(3) the legislature amended the second sentence of that paragraph to read: "A sentence imposed outside of such guidelines shall be subject to appeal pursuant to s. 924.06 or s. 924.07." Ch. 87-110, § 3, Laws of Fla.[3] The district court considered the effect of the 1987 amendment in the instant case. It reasoned that, by removing the phrase "by the defendant" and adding a reference to section 924.07,[4] the legislature intended to allow the state to appeal a youthful offender sentence which is less than the recommended guidelines sentence and, in effect, reversed Diers. The court concluded that the 1987 amendment "also had the concomitant effect of requiring a lawful basis for a downward departure in the form of written reasons." Kepner, 560 So.2d at 252 (emphasis in original). The district court opined that giving the state the right to appeal would be illusory and futile without providing some meaningful basis for an appeal, i.e., written reasons for a downward departure. Similarly, in his dissent to Nealy, Judge Parker stated:
It seems illogical that the legislature would amend the statute to afford the state the right to appeal a sentence below the guidelines, but at the same time not require some justification by the trial court for the departure. Indeed, why afford the state such an empty right of appeal?
532 So.2d at 1120. The state contends that Kepner and Judge Parker correctly reasoned that the right to appeal is of no value without grounds on which to base an appeal and that, therefore, written reasons must be given for a downward departure.
Both Green and Nealy, on the other hand, held that, although the 1987 amendment gave the state the right to appeal, it did not change the wording which requires a trial court to provide written reasons only when it imposes "a greater sentence than the maximum" recommended guidelines sentence, i.e., an upward departure. Because *578 the 1987 amendment did not address downward departures, the Green and Nealy courts concluded that written reasons are not required when a youthful offender sentence is less than the recommended guidelines sentence.
The stated purpose of the youthful offender statute
is to improve the chance of correction and successful return to the community of youthful offenders sentenced to imprisonment by providing them with vocational, educational, counseling, or public service opportunities and by preventing their association with older and more experienced criminals during the terms of their confinement.
§ 958.021, Fla. Stat. (1989). Furthermore, the legislature intended
to provide an additional sentencing alternative to be used in the discretion of the court when dealing with offenders who have demonstrated that they can no longer be handled safely as juveniles and who require more substantial limitations upon their liberty to ensure the protection of society.
Id. To this end, courts may place youthful offenders on probation or community control, with a period of incarceration as a condition of either, but the total period of sanctions cannot exceed six years. § 958.04(2).
Both sides, Kepner on one and Green and Nealy on the other, have reached logical conclusions on this issue, based on which sentence of subsection 958.04(3) they considered. Given the legislature's stated purpose and intent for the youthful offender statute, however, we conclude that Green and Nealy have made the better resolution because subsection (3), by its wording, only requires written reasons when the youthful offender sentence is greater than that recommended by the guidelines. This conclusion, however, does not end our inquiry.
In construing statutes, we must, to the extent possible, give effect to all parts of a statute. The first sentence of subsection 958.04(3) requires written reasons only for an upward departure from the recommended sentence. It is logical that only a defendant would seek to appeal an upward departure. The second sentence of that subsection extends the right to appeal a departure sentence to the state. It is also logical that only the state would seek to appeal a downward departure, but, if no reason for departure is required, that right would be hollow.
A youthful offender sentence is a statutorily authorized alternative sentence. Sentencing guidelines come into play only for abuses within the youthful offender sentence imposed. If a youthful offender sentence imposes sanctions greater than that called for in the recommended guidelines range, written reasons for departure are required. If, because of statutory limitations, a youthful offender sentence is less than that set forth in the sentencing guidelines, the maximum youthful offender sanctions must be imposed or valid written reasons must be given.
To that end, keeping in mind our responsibilities in interpreting statutes and the intent and purposes behind the statutes involved here, we must make a multi-part holding. First, if the recommended guidelines sentence exceeds six years (the maximum youthful offender sentence) and the court sentences the youthful offender to six years of sanctions, written reasons for a sentence less than the recommended guidelines sentence are not required. Second, if the recommended guidelines sentence is less than the maximum youthful offender sentence of six years, the court must sentence within the guidelines or give written reasons for the departure whether upward or downward. Third, if the recommended guidelines sentence is six years or greater and the court imposes a less-than-maximum youthful offender sentence, i.e., less than six years, the court must provide written reasons for departure. We believe this conclusion strikes the best balance between the wording of subsection 958.04(3) and the purpose and intent of the sentencing guidelines and the youthful offender statute.
*579 Applying this holding to the instant case, we disagree with the district court that the trial court was required to give written reasons. That court imposed six years of sanctions, the maximum youthful offender sentence, when the sentencing guidelines recommended twelve to seventeen years. This meets the first fact situation of our holding today, and we quash Kepner. Similarly, Green's trial court imposed six years of sanctions as a youthful offender when the guidelines recommended five to seven years. This too meets the first part of our holding, and we approve Nealy. Green, on the other hand, does not set out enough facts for applying this holding, so we approve it only to the extent that it does not conflict with the instant opinion.
It is so ordered.
OVERTON, McDONALD, BARKETT and KOGAN, JJ., concur.
SHAW, C.J., dissents with an opinion.
GRIMES, J., dissents with an opinion, in which HARDING, J., concurs.
SHAW, Chief Justice, dissenting.
Section 958.04(3), Florida Statutes (1989), provides:
(3) The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to s. 921.001 unless reasons are explained in writing by the trial court judge which reasonably justify departure. A sentence imposed outside of such guidelines shall be subject to appeal pursuant to s. 924.06 [by the defendant] or s. 924.07 [by the state].
The language of this statute is clear and unambiguous and is not subject to interpretation by this Court. The statute means just what it says: While either the defendant or the state can appeal a departure sentence under the youthful offender statute, written reasons supporting departure are required only for upward departures. If this renders the state's appeal of a downward departure sentence an empty right, it is up to the legislature to fill that right by clearly stating that written reasons are required for downward departures, just as they are for upward departures. The statute's plain language may not accomplish the legislature's intent, but this is a matter for the legislature to address, not this Court. The majority's holding, in my opinion, is tortuous and will spawn error.
GRIMES, Justice, dissenting.
Among the 1985 amendments to the Florida Youthful Offender Act, subsection (3) was added to section 958.04 to read as follows:
(3) The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to s. 921.001, unless clear and convincing reasons are explained in writing by the trial court judge. A sentence imposed outside of such guidelines shall be subject to appeal by the defendant pursuant to s. 924.06.
Ch. 85-288, § 20, Laws of Fla. In 1987, the legislature amended the last sentence of that subsection to state:
A sentence imposed outside of such guidelines shall be subject to appeal pursuant to s. 924.06 or s. 924.07.
Ch. 87-110, § 3, Laws of Fla. By eliminating the words "by the defendant" and adding the reference to section 924.07 (which provides for state appeals), the legislature obviously intended that the state would have the right to appeal sentences imposed outside of the guidelines. There is nothing in subsection (3) which remotely suggests that this right is limited to instances in which a judge imposes a youthful offender sentence below the maximum jurisdictional limits of the Act. Had this been the intent of the legislature, it would have said so. I agree with the court below that the 1987 amendment can only mean that the state now has the right to appeal all youthful offender sentences imposed outside of the guidelines.
I respectfully dissent.
HARDING, J., concurs.
NOTES
[1] Ch. 958, Fla. Stat. (1989).
[2] § 921.001, Fla. Stat. (1989); Fla.R.Crim.P. 3.701.
[3] The 1987 amendment also deleted the words "clear and convincing" from the first sentence of § 958.04(3), but that wording change is not pertinent to this case.
[4] § 924.07, Fla. Stat. (1989), states in relevant part:

(1) The state may appeal from:
... .
(i) A sentence imposed outside the range recommended by the guidelines authorized by s. 921.001.