588 So.2d 73 (1991)
Corey JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0551.
District Court of Appeal of Florida, Fourth District.
November 6, 1991.
Cary Haughwout, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Patricia G. Lampert and Michelle *74 Smith, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The appellant was convicted of selling cocaine within 1,000 feet of a school. Conviction for that crime requires the imposition of a three-year mandatory minimum sentence. § 893.13(1)(e), Fla. Stat. (1989). Appellant was sentenced as a youthful offender pursuant to section 958.04, Florida Statutes. Notwithstanding the youthful offender sentence, however, the trial court imposed the three-year mandatory minimum sentence. We reverse the sentence and remand for resentencing.
Except as otherwise provided by law, the sentencing provisions of the Youthful Offender Act are considered the exclusive sanctions that may be imposed in a youthful offender sentence. E.g., Salazar v. State, 544 So.2d 313 (Fla. 2d DCA 1989); Dean v. State, 476 So.2d 318 (Fla. 2d DCA 1985); Ellis v. State, 475 So.2d 1021 (Fla. 2d DCA 1985); Patterson v. State, 408 So.2d 785 (Fla. 2d DCA 1982); Whitlock v. State, 404 So.2d 795 (Fla. 3d DCA 1981). See also State v. Diers, 532 So.2d 1271 (Fla. 1988).
The 1987 amendment to section 958.04(3) has recently been construed to permit the state to appeal youthful offender sentence terms below the sentencing guidelines. See Kepner v. State, 577 So.2d 576 (Fla. 1991). The state asserts that this amendment also served to modify the previous interpretations of the youthful offender act cited above.
In Kepner, the supreme court recognized that in order to permit the state to appeal youthful offender sentence terms below the sentencing guidelines, the amended statute must be construed as impliedly requiring written reasons for a downward departure from the guidelines under certain circumstances. We can discern, however, no reason to apply the Kepner reasoning to sentencing provisions of general law, other than guideline departures, that may be inconsistent with the purpose of the Youthful Offender Act. Section 958.04(3), Florida Statutes, refers exclusively to appeals of sentencing guideline issues. The court, in Kepner, recognized that the stated purposes of the Act remain valid considerations in interpreting the Act other than where necessary to give effect to the Act's other provisions.
Because the record is clear that the trial court deemed it obligatory to impose the three-year mandatory sentence, the trial court is free, on resentencing, to consider a departure sentence if deemed appropriate.
DELL and GARRETT, JJ., concur.