Mr. Carlos C. Lopez-Cantera Chairman Construction Industry Licensing Board Post Office Box 2 Jacksonville, Florida 32201
Dear Mr. Lopez-Cantera:
You ask substantially the following question:
To what extent do the recent amendments to ss. 489.113 and489.117, F.S., operate to preclude local professional licensing on persons working under the supervision of certified or registered contractors?
In sum:
Section 489.113, F.S., as amended by s. 8, Ch. 93-166, Laws of Florida, creates a limited exception to requirements set forth in Ch. 489, F.S.; it does not create an exemption from any local licensing requirements imposed by local ordinance. Section489.117, F.S., as amended by s. 12, Ch. 93-166, Laws of Florida, however, does creates a limited exemption from local licensing requirements for persons who meet the conditions specified therein. Thus a person who, pursuant to s. 489.113, F.S., is exempt from the State's certification or registration requirements, is still subject to local licensing unless such person falls within the exemption from local licensing provided in s. 489.117, F.S.
Part I, Ch. 489, F.S., represents the legislative scheme for protecting the public health, safety, and welfare by regulating the construction industry through the Construction Industry Licensing Board (board) of the Department of Business and Professional Regulation (department).[1] Construction contractors are required to be registered or certified by the department as a prerequisite to practicing in Florida.[2] To enforce this provision, the Department of Professional Regulation, a county, municipality, or local licensing board created by special act may issue a cease and desist order to prohibit any person from engaging in the business of contracting who does not hold the required certification or registration for the work being performed. To be certified, a contractor must establish his competency and other qualifications for certification, including the requirement that the appropriate examination administered by the department be passed.[3] A certified contractor may engage in contracting in any part of the state upon exhibiting evidence of holding a current certificate to the local official in charge of the issuance of licenses and building permits and upon payment of the fee for the occupational license and building permit.[4] In contrast, registration allows the registrant to engage in contracting only in the counties, municipalities, or development districts where the contractor has complied with the local licensing requirements and only for the type of work covered by the registration.[5]
During the 1993 legislative session, s. 489.113(2), F.S., was amended to provide:
No person who is not certified or registered shall engage in the business of contracting in this state. However, for purposes of complying with the provisions of this chapter, a person who is not certified or registered may perform construction work under the supervision of a person who is certified or registered, provided that the work is within the scope of the supervisor's license and provided that the person being supervised is not engaged in construction work which would require a license under any of the categories listed in s. 489.105(3)(d)-(o).[6] This subsection does not affect the application of any local construction licensing ordinances. . . .[7] (e.s.)
Section 489.117, F.S., was also amended by the 1993 Legislature. As amended, it provides in pertinent part:
Any person who is not required to obtain registration or certification pursuant to s. 489.0105 (3)(d)-(o) may perform specialty contracting services for the construction, remodeling, repair or improvement of single-family residences without obtaining a local professional license if such person is under the supervision of a certified or registered general, building, or residential contractor.[8]
You state that as a result of the above amendments, there is some confusion as to the extent local governments may license persons acting as subcontractors to a general building or residential contractor when their activities fall within the scope of work of the contractor.
It is a rule of statutory construction that in construing a statute, a court must, to the extent possible, give full effect to all provisions of a statutory enactment and construe such provisions in harmony with each other.[9]
Section 489.113(2), F.S., requires that no person who is not certified or registered shall engage in the business of contracting. As amended by s. 8, Ch. 93-166, Laws of Florida, the statute provides a limited exception from the requirements of Ch.489, F.S., for noncertified or nonregistered person who perform work under the supervision of a certified or registered contractor. In order to qualify for the exemption, however, the statute requires that the work performed by such person be within the certified or registered contractor's license and the work performed is not such as would require a license as a contractor under the categories set forth in s. 489.105(3)(d)-(o), F.S.[10]
Section 489.113(2), F.S., as amended, thus creates a limited exception to requirements set forth in Ch. 489, F.S.; it does not, however, create an exemption from any local licensing requirements imposed by local ordinance. As the statute itself expressly states: "This subsection does not affect the application of any local construction licensing ordinances." Thus, to the extent that such persons are subject to local professional licensing ordinances, s. 489.113(2), F.S., does not exempt such persons from the requirements of such local ordinances.
Section 489.117(e), F.S.,[11] on the other hand, does establish a limited exemption from local licensing requirements for persons who are not required to obtain registration or certification pursuant to s. 489.105(3)(d)-(o), F.S. Such persons are not required to obtain a local professional license to perform speciality contracting services for the construction, remodeling, repair or improvement of singlefamily residences if they are under the supervision of a certified or registered general, building, or residential contractor.
Accordingly, a person who, pursuant to s. 489.113, F.S., is exempt from the requirements imposed by Ch. 489, F.S., is not by virtue of that statute exempt from local licensing; however, such person may be exempt from local licensing if he or she qualifies for the exemption provided in s. 489.117, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Sections 489.101 and 489.107, F.S.
[2] Sections 489.113 and 489.115, F.S.
[3] Section 489.113(1), F.S.
[4] Section 489.113(4)(a), F.S. See, s. 489.105(8), F.S., defining "Certified contractor" to mean "any contractor who possesses a certificate of competency issued by the department and who shall be allowed to contract in any jurisdiction in the state without being required to fulfill the competency requirements of that jurisdiction."
[5] Section 489.117(2), F.S. See, s. 489.105(10), F.S., defining "Registered contractor" as "any contractor who has registered with the department pursuant to fulfilling the competency requirements in the jurisdiction for which the registration is issued. Registered contractors may contract only in such jurisdictions."
[6] Section 489.105(3)(d)-(o), F.S., define the following: sheet metal contractor, roofing contractor, Class A air conditioning contractor, Class B air conditioning contractor, Class C air conditioning contractor, mechanical contractor, commercial pool/spa contractor, residential pool/spa contractor, swimming pool/spa contractor, plumbing contractor, underground utility and excavation contractor, and solar contractor.
[7] See, s. 8, Ch. 93-166, Laws of Florida. See also, s. 2, Ch. 93-154, Laws of Florida, which contains similar language with the exception of the sentence referring to the application of local construction ordinances.
[8] Section 12, Ch. 93-166, Laws of Florida, designated the new provision as subsection (4)(e). Section 3, Ch. 93-154, Laws of Florida, designates the provision as s. 489.117(6).
[9] See generally, Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452 (Fla. 1992); Kepner v. State,577 So.2d 576 (Fla. 1991) (In construing a statute, court must, to the extent possible, give effect to all parts of the statute).
[10] See, Staff Bill Analysis Economic Impact Statement, Florida House of Representatives Committee on Business Professional Regulation, on HB 2189. Although HB 2189 died on the House Calendar, similar provisions were amended onto CS/SB 1552, which became law, see, Ch. 93-166, Laws of Florida.
The staff analysis states that the bill:
Amends s. 489.113, Florida Statutes, to provide that it shall not be a violation of chapter 489, Florida Statutes, for an unlicensed person to work under the supervision of a licensed person so long as that unlicensed person is not performing work in one of the subcontractor disciplines, and providing that the work he is doing could be done by the licensee . . . .
[11] And see, s. 3, Ch. 93-154, Laws of Florida, containing a similar amendment to s. 489.117 but designating such provision as s. 489.117(6).AGO 93-62 dated September 8, 1993