763 So.2d 1157 (2000)
William Craig DURANT, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1295.
District Court of Appeal of Florida, Fourth District.
January 19, 2000.
*1158 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
In this appeal from a youthful offender sentence for two charges, one for possession of cocaine and one for the sale/delivery of cocaine within 1000 feet of a school, appellant claims that the court erred in entering a general sentence for both separate counts. The state concedes that the trial court erred and suggests that this matter be remanded to impose separate sentences, which, when aggregated, do not exceed the guidelines or youthful offender maximum of six years, or, if they do, that the trial court give written reasons for departure. We agree and reverse.
Appellant was convicted of the sale of cocaine near a school, a first degree felony punishable by a term of imprisonment not to exceed thirty years, and of possession of cocaine, a third degree felony, punishable by a term of imprisonment not to exceed five years. See § 893.13(1)(c)1., (6)(a), Fla. Stat. (1997); § 775.082(3)(b), (d), Fla. Stat. (1997). The written sentencing order imposed a general sentence of thirty-six months in prison followed by two years of community control, followed by one year of probation, for both counts I and II. This was error.
General sentences on multiple convictions are improper. See Dorfman v. State, 351 So.2d 954, 957 (Fla.1977), superseded by statute on other grounds as stated in State v. Tal-Mason, 492 So.2d 1179 (Fla. 4th DCA 1986)("[t]he evil of a general sentence, however, inheres in the uncertainty that its inscrutability creates, for if the trial judge had committed a reversible error as to any count for any reason, the entire sentence would have to be vacated"). As we shall explain, by imposing a general sentence, the court exceeded the maximum sentence authorized by law for possession of cocaine, a third degree felony. See Henderson v. State, 720 So.2d 1121, 1122 (Fla. 4th DCA 1998)(even with a defendant's assent, the court is without jurisdiction to impose a sentence in excess of the statutory maximum).
Pursuant to section 958.04(2)(c), Florida Statutes (1997), the total term of incarceration and probation that a court may impose on a defendant designated as a youthful offender is six years. Section 958.04(2)(c) and (d), provides the following, in relevant part:
(c) The court may impose a split sentence whereby the youthful offender is to be placed on probation or community control upon completion of any specified period of incarceration; however, if the incarceration period is to be served in a department facility other than a probation and restitution center or community residential facility, such period shall be for not less than 1 year or more than 4 years. The period of probation or community control shall commence immediately upon the release of the youthful offender from incarceration. The period of incarceration imposed or served and the period of probation or community control, when added together, shall not exceed 6 years.
(d) The court may commit the youthful offender to the custody of the department for a period of not more than 6 years, provided that any such commitment shall not exceed the maximum sentence for the offense for which the youthful offender has been convicted.
In this case, the imposition of a general split sentence for both counts I and II, totaling six years, resulted in a sentence which exceeded the statutory maximum of five years for the possession of cocaine count.
*1159 In addition, the state correctly maintains that resentencing is also required because the combination of incarceration and community control exceeded the recommended guideline sentence. Thus, the court imposed a departure sentence that requires the trial court to provide written reasons. See Kepner v. State, 577 So.2d 576, 578 (Fla.1991).
A youthful offender sentence is a statutorily authorized alternative sentence. See id. Sentencing guidelines come into play only for abuses in the youthful offender sentence imposed. See id. If a youthful offender sentence imposes sanctions greater than that called for in the recommended guidelines range, written reasons for departure are required. If, because of statutory limitations, a youthful offender sentence is less than that set forth in the sentencing guidelines, the maximum youthful offender sanctions must be imposed or valid written reasons must be given. See id. If the recommended guideline sentence is less than the maximum youthful offender sentence of six years, the court must sentence within the guidelines or give written reasons for the departure, whether upward or downward. See id.; see also State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989). In Betancourt, the court held that a combination of incarceration and community control that exceeds the guideline sentencing range constitutes a departure sentence. 552 So.2d at 1108, accord Watson v. State, 690 So.2d 730, 730-31 (Fla. 4th DCA 1997); Davis v. State, 677 So.2d 1366, 1367 (Fla. 4th DCA 1996).
In this case, appellant's guidelines scoresheet showed a recommended minimum sentence of 29.7 imprisonment and a maximum sentence of 49.5 months. Since the split sentence of five years of incarceration followed by community control imposed by the court exceeded the recommended guideline sentence, and no written reasons were given, the sentence constituted an improper upward departure.
However, as it does not appear that the trial court recognized that it was imposing a departure sentence, on remand it may consider whether a departure sentence is appropriate, and if so, set forth reasons for the departure. See Betancourt, 552 So.2d at 1108.
WARNER, C.J., STEVENSON and GROSS, JJ., concur.