PER CURIAM.
Appellant, Michael Gardner, appeals from the denial of his motion to correct his sentence under Florida Rule of Criminal Procedure 3.800(b). Gardner was sentenced as a youthful offender to four years in the Department of Corrections followed by two years community control. His guidelines scoresheet range was 13.8 months to 23 months. We reverse and remand to the trial court for resentencing.
Under the Youthful Offender Act, section 958.04(3), Florida Statutes (1997), the defendant must be sentenced within the sentencing guidelines unless the trial court judge provides written reasons which reasonably justify departure. See Kepner v. State, 577 So.2d 576 (Fla.1991). Furthermore when the trial court judge does not know that he is imposing a departure sentence which requires written reasons, the case may be remanded for the trial court judge to consider whether departure is appropriate and, if it is so found, set forth valid written reasons for departure. See State v. Betancourt, 552 So.2d 1107 (Fla.1989).
As the record in this case shows that Gardner was sentenced outside the guidelines and written reasons were not provided, this case is remanded for resen-tencing. As the sentencing judge did not know he was imposing a departure sentence, on remand the trial judge may consider whether departing from the sentencing guidelines is appropriate and, if so, set forth valid written reasons for departure. The state concedes that remand is necessary.
REVERSE AND REMAND FOR RE-SENTENCING.
FARMER, STEVENSON and HAZOURI, JJ., concur.