SALCINES, Judge.
John C. Cluck challenges the sentences he received upon the revocation of his probation. As the State concedes, Cluck’s sentences exceeded the amount for which he could be sentenced pursuant to the applicable youthful offender provisions. Thus, we reverse and remand for resen-tencing.
Cluck originally entered a plea of guilty to numerous counts of burglary and grand theft committed in January of 1995. He was sentenced as a youthful offender to three years’ imprisonment on two counts and to four years’ imprisonment on six counts, followed by two years’ probation. The sentences were to be served concurrently and boot camp was recommended by the court.
In conjunction with the successful completion of boot camp, Cluck filed a motion to modify his sentences pursuant to section 958.04(4)(e), Florida Statutes (Supp.1994). The trial court granted that motion and modified Cluck’s sentences in August of 1995, placing him on two years’ probation for all counts. Subsequently, an affidavit of violation of probation was filed in July of 1997 for violations occurring from January through May 1997.
A revocation hearing was held on October 15, 1999.[1] Cluck’s probation was revoked. Although Cluck’s original sentencing guidelines range was thirty-two to fifty-four months’ imprisonment, he was sentenced to the maximum allowable youthful offender sentence — six years or seventy-two months of imprisonment for each count.
The relevant provision of the applicable youthful offender statute instructs that an offender who satisfactorily completes the basic training program shall have his sentence modified to probation. § 958.04(4)(e), Fla. Stat. (Supp.1994). Upon violation of probation, “the court may revoke probation and impose any sentence which it might have originally imposed.” § 958.04(4)(e), Fla. Stat. (Supp. 1994).[2] However, the provisions of section 958.04 cannot be used to impose a greater sentence than the maximum recommended range, as established by statewide sentencing guidelines, unless the trial court gives written reasons which justify the departure. § 958.04(3), Fla. Stat. (Supp.1994).
The State concedes that the concurrent six year sentences imposed upon the revo *264 cation of probation on October 15, 1999, exceeded the maximum recommended guidelines range and that no written reasons were provided. Since the trial court did not recognize that it was imposing departure sentences, on remand it should consider whether the departure sentences are appropriate. See Durant v. State, 763 So.2d 1157 (Fla. 4th DCA 2000). If so, the court must set out written reasons for departure.
Reversed and remanded for resentenc-ing consistent herewith.
ALTENBERND, A.C.J., and SILBERMAN, J., Concur.

. We note that the State did not immediately proceed with Cluck’s revocation of probation presumably because he was incarcerated elsewhere-the record provided to this court contains a notation that he was in custody in Douglasville, Georgia, for simple battery and that he would not be extradited.

. Effective July 1, 1995, subsection (4) of section 958.04, Florida Statutes, was repealed. Ch. 94-209, § 101, at 1335, Laws of Fla. In conjunction with that repeal, the legislature added section 958.045, Florida Statutes. Ch. 94-209, § 100, at 1332-35, Laws of Fla. It appears that section 958.045(5)(c) limits sentences imposed in cases such as the present to no more than 364 days in a specified facility. Bloodworth v. State, 769 So.2d 1117, 1118 (Fla. 2d DCA 2000). However, Cluck committed his original offenses in January 1995 prior to the effective date of this repeal and the addition of section 958.045. On revocation of probation, the date of the original offense typically determines the applicable statute for sentencing. See, e.g., Marion v. State, 582 So.2d 115 (Fla. 3d DCA 1991).