NIMMONS, Judge.
Grover Cleveland Ellis appeals from the denial of his 3.850 postconviction motion. Basically, appellant, who was charged with two counts of capital sexual battery, alleged that his court-appointed counsel harassed and coerced him into pleading guilty in each count to the lesser offense of attempted sexual battery and that he therefore was deprived of the effective assistance of counsel. After an evi-dentiary hearing, the trial court denied the motion. We find that there is competent substantial evidence to support the denial of appellant’s motion and therefore affirm.
However, we wish to mention — without deciding — an issue which counsel for appellant has attempted to raise on appeal, a matter not raised in appellant’s pro se 3.850 motion.
Appellant contends that his sentence was illegal because, although the appellant was sentenced within the range called for by the number of points reflected on his scoresheet, the scoresheet was fundamentally and patently flawed by reason of the primary offense at conviction being scored as a life felony instead of a first degree felony.[1] The appropriate vehicle for attacking a sentence on such grounds is a motion filed in the trial court pursuant to Fla.R.Cr.P. 3.800[2]. Under State v. Whitfield, 487 So.2d 1045 (Fla.1986), a sentence which, although appearing to be within the guidelines range under the scoresheet relied upon by the sentencing court, is actually beyond the range under a correctly scored scoresheet is an illegal sentence where the court has not stated clear and convincing departure reasons.
The state’s response to appellant’s above contention that his sentence was illegal is that this was a negotiated plea and that it was not necessary to state reasons for departure even if the scoresheet were erroneously calculated. But the state oversimplifies the “agreement.” The written plea agreement, in addition to providing for the above referred pleas to the two lesser included offenses of attempted sexual battery, included the following written notation: “... stipulate that my sentencing guideline score is 344 points (9-12 years) and to not oppose me being sentenced pursuant to the guideline recommended sentence.” As earlier noted, the scoresheet erroneously scored the offenses as life felonies. If the offenses had been properly scored, the applicable guidelines sentence range would have been 7-9 years. The defendant was sentenced to a total of 12 years (two 6-year sentences, to run consecutively).
We decline to address the above issue. We do not believe it appropriate for us, in this appeal, to attempt to answer such questions as whether the facts surrounding the pleas in the instant case would support a conclusion that the negotiations amounted to a binding agreement for the defendant to be sentenced to a term of up to 12 years. The issue has not been presented as yet to the trial court.
Our affirmance of the appealed order is, therefore, without prejudice to the appellant’s presenting in the trial court a proper motion under Rule 3.800. Any question of whether the plea agreement would render moot the apparent error in the guidelines scoresheet computations may be raised in connection with such proceeding.
AFFIRMED.
SMITH, C.J., and ERVIN, J., concur.

. The attempt to commit a Section 794.011(2) sexual battery does indeed appear to be a first degree felony instead of a life felony. Section 777.04(4)(a), Florida Statutes.

. Rule 3.800(a) provides:
(a) A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.