591 So.2d 1119 (1992)
Danny HAMMOND, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2645.
District Court of Appeal of Florida, First District.
January 6, 1992.
*1120 Danny Hammond, pro se.
No appearance for appellee.
JOANOS, Chief Judge.
This appeal is taken from a trial court order summarily denying appellant's motion to correct an illegal sentence, filed pursuant to Florida Rules of Criminal Procedure 3.800(a). The motion alleges error in the scoresheet calculation with respect to scoring of additional offenses, legal status, and victim injury. We reverse.
A motion to correct illegal sentence, pursuant to Fla.R.Crim.P. 3.800(a), is the appropriate vehicle to attack an alleged illegal sentence based on scoresheet error. Ellis v. State, 538 So.2d 118, 119 (Fla. 1st DCA 1989). Rule 3.800(a) provides: "A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet." Scoresheet error which results in a de facto departure sentence is reviewable without a contemporaneous objection, where the error is apparent from the four corners of the record. Merchant v. State, 509 So.2d 1101 (Fla. 1987). See also Forehand v. State, 537 So.2d 103, 105 (Fla. 1989); State v. Whitfield, 487 So.2d 1045, 1046 (Fla. 1986); Ellis v. State, 538 So.2d 118 (Fla. 1st DCA 1989); Johnson v. State, 525 So.2d 964 (Fla. 1st DCA 1988).
As a general rule, despite scoresheet error, a negotiated plea agreement is binding, and is sufficient to justify departure from the recommended guideline sentence without any stated reasons for departure. White v. State, 531 So.2d 711 (Fla. 1988); Yukanovitz v. State, 547 So.2d 722 (Fla. 1st DCA 1989); Hicks v. State, 559 So.2d 1265 (Fla. 3d DCA 1990); Zimmerman v. State, 554 So.2d 670 (Fla. 2d DCA 1990).
In the instant case, error in the calculation of legal status points on the guidelines scoresheet is apparent from the face of the record. Appellant's legal constraint score was calculated improperly by multiplying the scoresheet legal constraint status points by the number of new offenses. Legal constraint status points are to be assessed only once, even if there are one or more offenses at conviction. Flowers v. State, 586 So.2d 1058 (Fla. 1991). In addition, the record suggests the existence of other errors in the scoresheet calculation, but such error cannot be determined on the record provided to this court.
Ordinarily, scoresheet error of this nature would require reversal for resentencing based on a corrected scoresheet. *1121 However, a letter attached to the order denying relief suggests that appellant stipulated to a thirty-five year sentence in return for an agreement not to be sentenced as an habitual offender. In view of the scoresheet error readily apparent on the face of the record, the trial court erred in summarily denying appellant's motion to correct sentence.
Accordingly, the order denying relief is reversed, and the cause is remanded for further proceedings.
ERVIN, J., and WENTWORTH, Senior Judge, concur.