ERVIN, Judge.
Appellant, Danny Hammond, having previously appealed the denial of his motion to correct illegal sentence, see Hammond v. State, 591 So.2d 1119 (Fla. 1st DCA 1992) (Hammond I), now seeks review of the trial court’s denial of his motion on remand. Appellant contends that the guidelines sentencing scoresheet used to calculate his potential sentence contained errors. Having previously addressed that issue in Hammond I, we decline to reconsider the issue, because the trial court’s order on remand complies with our instructions in Hammond I. We therefore affirm as to this point without prejudice to appellant to file a motion under Florida Rule of Criminal Procedure 3.850 regarding the volun-tariness of his plea.
Nonetheless, the state has raised an issue which concerns the legality of appellant’s sentences in that errors appear on the face of the judgment and sentences regarding the degree classification of the offenses for which appellant was convicted and/or the length of the sentences imposed for those offenses. For instance, the judgment indicates that appellant was convicted of robbery with a firearm and designates such as a second degree felony, yet the 35-year sentence imposed for same exceeds the 15-year statutory maximum for second degree felonies. See § 775.082(3)(c), Fla. Stat. (1989). While robbery may be classified as either a first or second degree felony, robbery with a firearm is a first degree felony, punishable by a term of imprisonment not exceeding 30 years or by imprisonment not exceeding life. See §§ 812.-13(2)(a) & 775.082(3)(b), Fla.Stat. (1989). Thus, it appears that an error exists as to the degree classification of the offense and/or length of the sentence.
We note a similar problem with the burglary convictions. The judgment indicates that eight of the nine burglary counts are *128 third degree felonies, yet the 15-year sentences imposed exceed the 5-year statutory maximum for third degree felonies. See § 775.082(3)(d), Fla.Stat. (1989). Depending on the circumstances, burglary may be designated as a first, second, or third degree crime. See § 810.02, Fla.Stat. (1989). If the burglary offenses were classified as a second or first degree felonies, then the 15-year sentences would be legal. Thus, there appears to be an error as to either the degree classification of the burglary offenses or the length of the sentences.
Because we are unable to ascertain from the record before us whether the above errors constitute illegal sentences, we vacate the judgment and sentences and remand for clarification and resentencing.
AFFIRMED in part, VACATED in part, and REMANDED for further proceedings.
ZEHMER and BARFIELD, JJ., concur.