493 So.2d 487 (1986)
STATE of Florida, Appellant,
v.
Donald Lee ESBENSHADE, Appellee.
No. 85-2826.
District Court of Appeal of Florida, Second District.
July 18, 1986.
Rehearing Denied September 5, 1986.
*488 Jim Smith, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellee.
HALL, Judge.
The state appeals the trial court's downward guideline departure sentence of appellee contending that the lack of written reasons coupled with the invalidity of these purported reasons for such compel remand for resentencing. We agree.
Appellee was initially convicted of lewd and lascivious acts and received a term of probation which he subsequently violated. Following appellee's sentence for violation of probation, the trial court, pursuant to an apparent plea bargain, sentenced appellee to a five-year concurrent sentence on the second series of offenses. The sentence was less than the recommended guidelines range.
On the bottom of the scoresheet, under reasons for departure, was written: "Judge Ware's recommendation. No explicit reasons." This notation referred to the judge who presided over appellee's hearing for violation of probation. Additionally, the record on appeal contained an unsigned list of reasons for the departure, most of which were facially invalid.
We reverse the sentence as the downward guideline departure based on the plea bargain was not clearly reduced to writing. Although many of the other reasons for departure found in the unsigned, undated list would constitute an equally valid reason for reversal, it is not clear that this list was ever considered. Therefore, we confine our holding to the lack of written reason.
Generally, departure from the sentencing guidelines is warranted when there is a plea bargain which specifies the permissible sentence. Bell v. State, 453 So.2d 478 (Fla.2d DCA 1984), Johnson v. State, 458 So.2d 850 (Fla. 2d DCA 1984). However, in the instant case this otherwise valid reason was not clearly reduced to writing as required by State v. Jackson, 478 So.2d 1054 (Fla. 1985).
We remand for resentencing consistent with this requirement.
GRIMES, A.C.J., and SANDERLIN, J., concur.