503 So.2d 985 (1987)
STATE of Florida, Appellant,
v.
Robert EVANS, Appellee.
No. 86-1039.
District Court of Appeal of Florida, Fifth District.
March 12, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellee.
*986 DAUKSCH, Judge.
The state appeals from a robbery sentence. Appellee was sentenced under the Youthful Offender Act. Although his guidelines scoresheet reflected a total of ninety-three points yielding a presumptive three and one-half to four and one-half year imprisonment, appellant was sentenced to a period of four years community control with a condition that he serve 364 days in the county jail.
Because community control is considered to be less onerous than imprisonment, the state appeals the sentence on the grounds that the court failed to provide written reasons for its downward departure from the recommended guideline sentence. See State v. Esbenshade, 493 So.2d 487 (Fla. 2d DCA 1986). The sentencing judge refused to give written reasons because, he said, the Youthful Offender Act "... took itself out of the guidelines, having been imposed and adopted after the guidelines statute ..." He said the youthful offender statute forbids an upward departure but says nothing about a downward one, so the legislature must have meant to permit downward departure. The pertinent statute is section 958.04(3):
The provisions of this section shall not be used to impose a greater sentence than the maximum recommended range as established by statewide sentencing guidelines pursuant to s. 921.001 unless clear and convincing reasons are explained in writing by the trial court judge. A sentence imposed outside of such guidelines shall be subject to appeal by the defendant pursuant to s. 924.06.
The statute does indeed refer only to upward departures and the defendant's right to appeal, with no mention of downward departures or a state right to appeal. The question then is whether the statutory maxim expressio unius est exclusio alterius (the inclusion of one thing implies the exclusion of another) applies to this statute; thus whether the legislature meant to allow trial judges to depart downwards in these cases for any reason  and to give no reason at all.
In acknowledging that section 958.04(3) does not address a downward departure, the trial court is correct. This is not to say, however, that Florida Rule of Criminal Procedure 3.701(d)(11) which specifically requires clear and convincing reasons, in writing, for any sentence imposed outside of the guidelines, does not apply. Because we find this section to be applicable, we find that the trial court is not exempt from entering written reasons for its downward departure merely because the sentence is imposed pursuant to the Youthful Offender Act.
SENTENCE VACATED; REMANDED.
UPCHURCH, C.J., and SHARP, J., concur.