WENTWORTH, Judge.
This is an appeal from a departure sentence of twelve years incarceration imposed pursuant to a negotiated plea agreement, after this court’s invalidation of an earlier sentence for insufficiency of other reasons for exceeding guidelines, and remand for resentencing. Appellant contends the trial court erred in resentencing him based solely on the plea agreement. This court had found in the prior appeal that the referenced agreement was not a clear and convincing reason for departure from the sentencing guidelines because of an absence of record evidence of the existence and terms of the agreement. We find that additional evidence submitted at the hearing on resen-tencing adequately substantiated the existence of a valid plea agreement, and affirm on that basis.
Appellant was charged with armed robbery, in violation of section 812.13, Florida Statutes. The recommended guidelines sentence for the offense was 4 1/2 to 5 1/2 years incarceration. Appellant entered a plea of guilty and was sentenced outside the guidelines to 15 years incarceration pursuant to an agreement by which he agreed to be sentenced outside the guidelines to a term of incarceration up to 20 years. The apparent sole inducement to appellant for the agreement was the avoidance of the potential for a sentence up to the statutory maximum for the charged offense, life imprisonment, assuming existence of reasons for exceeding guidelines.
In sentencing appellant initially the trial court recited five reasons for departure from the guidelines, including appellant’s prior criminal history, his threatening of the victim of the offense with a sawed-off shotgun, his involvement in a conspiracy to rob several establishments, his possession and display of the shotgun, the inadequacy of the recommended guidelines sentence, and his agreement to be sentenced outside the guidelines to a term up to 20 years incarceration. On appeal, this court found five of the six stated reasons were not clear and convincing reasons for departure and remanded the case for resentencing. As to the plea agreement, this court found no .clear and convincing evidence in the record that appellant had entered into such an agreement, or what the terms of the agreement were. On remand, counsel for the state and defendant, as well as the defendant, submitted statements to the trial court regarding the existence and terms of the negotiated plea agreement. The trial court found that a valid agreement existed, and departed from the recommended guidelines sentence on the basis of the agreement alone, sentencing appellant to 12 years incarceration.
We find that statements of counsel for the state and the defendant, as well as the defendant himself, substantiate the existence of a negotiated plea agreement by which appellant agreed to be sentenced outside the guidelines to a term of incarceration up to 20 years. A negotiated plea agreement to a legal sentence in excess of *199 the recommended term under the guidelines has been held to be a clear and convincing reason for departure. Geter v. State, 473 So.2d 31 (Fla. 1st DCA 1985); Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984). But we note that, unlike other cases in which the courts have found a negotiated plea agreement to be a clear and convincing reason for departure, no other charges were involved in appellant’s agreement to the departure sentence. We note also that the plea agreement, upon which the trial court entirely based its departure from the guidelines, did not explicitly provide that reasons need not be stated for sentencing appellant within the specified maximum term outside the guidelines. Although we affirm the sentence on the basis of adequate record evidence of the agreement, we certify the following question to the Supreme Court:
IS A PLEA AGREEMENT, PROVIDING ONLY FOR A SENTENCE WITHIN A TERM LESS THAN THE STATUTORY MAXIMUM FOR A SINGLE CHARGED OFFENSE, AN ADEQUATE REASON FOR EXCEEDING GUIDELINES UP TO THE AGREED MAXIMUM WITHOUT STATING REASONS OTHER THAN THE FACT OF THE AGREEMENT?
BOOTH and THOMPSON, JJ., concur.