529 So.2d 1106 (1988)
Benny Ray SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 71372.
Supreme Court of Florida.
August 18, 1988.
Michael E. Allen, Public Defender and Pamela D. Presnell, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
KOGAN, Justice.
The First District Court of Appeal has certified the following question as one of great public importance:
IS A PLEA AGREEMENT, PROVIDING ONLY FOR A SENTENCE WITHIN A TERM LESS THAN THE STATUTORY MAXIMUM FOR A SINGLE CHARGED OFFENSE, AN ADEQUATE REASON FOR EXCEEDING GUIDELINES UP TO THE AGREED MAXIMUM WITHOUT STATING REASONS OTHER THAN THE FACT OF THE AGREEMENT?
Smith v. State, 513 So.2d 197, 199 (Fla. 1st DCA 1987). We have jurisdiction. Art. V, *1107 section 3(b)(4), Fla. Const. We answer the certified question in the affirmative and approve the decision of the district court.
Smith was charged with and pled guilty to armed robbery. The guidelines range provided a sentence of four and one-half years to five and one-half years incarceration, but Smith was sentenced to fifteen years incarceration pursuant to a negotiated plea agreement. Under the terms of the agreement Smith agreed to be sentenced up to twenty years. The sole inducement of the agreement was that Smith would not receive the statutory maximum of life imprisonment in the event reasons existed for the trial court to exceed the presumptive guidelines sentence.
At Smith's sentencing the trial court recited six reasons for departure, including Smith's plea agreement.[*] On appeal the district court determined that five of the six reasons were not clear and convincing reasons for departure and remanded the case for resentencing. The court specifically found the plea agreement was not clear and convincing reason to depart because there was no evidence in the record before the court that Smith entered into such an agreement, nor was there evidence of the specific terms of the agreement.
At Smith's resentencing statements were submitted by counsel for the state, by counsel for Smith, and by Smith himself regarding the existence and terms of the plea agreement. The trial court then determined a valid agreement existed and departed from the presumptive guidelines sentence on the basis of the agreement alone. Smith was sentenced to twelve years incarceration. The First District affirmed the sentence and certified to this Court the question of great public importance.
A negotiated plea agreement is a valid reason upon which to base a departure from the presumptive guidelines sentence. Quarterman v. State, 527 So.2d 1380 (Fla. 1988). The state negotiated with Smith based on the strength of the case it had against him. Smith's codefendant had given testimony that placed Smith at the robbery scene wearing a mask and carrying a shotgun. Furthermore, the trial judge told Smith's counsel that if Smith negotiated a plea, he would probably sentence Smith to fifteen but no more than twenty years incarceration if reasons existed to justify departure. However, if Smith went to trial the judge could impose a departure sentence of up to life imprisonment. Based on these factors, Smith's counsel advised him it was in his best interest to enter a negotiated plea. Smith then agreed to accept any sentence up to a twenty year cap.
Although only one charge was involved in Smith's plea agreement, the agreement still constitutes a clear and convincing reason for departure. It is clear from the record that Smith agreed to the plea to avoid the risk of a maximum sentence under the law. Obviously he and his attorney thought the chance of conviction for this offense was great. Nothing in the record indicates the plea was coerced or that Smith did not enter the plea freely and voluntarily, and knowingly and intelligently upon counseling by a competent attorney. We find no impropriety in allowing a defendant charged with only one offense to negotiate a plea agreement that provides a sentencing cap which is less than the statutory maximum in order to limit his exposure to jail time if the trial judge elects to depart from the recommended guidelines sentence. "The bargained term need not ... be an agreement for a single specified term in order to serve as a bargained provision which, if otherwise valid, is a proper predicate for disregarding a general guidelines restriction." Geter v. State, 473 So.2d 31, 32 (Fla. 1st DCA 1985). Once a plea agreement is negotiated which specifies the permissible sentence, the agreement is binding and is sufficient without any stated reasons to justify a departure from the presumptive sentence.
We find that Smith freely and voluntarily entered into the plea agreement after counsel advised him of the circumstances of his case. We answer the certified question in *1108 the affirmative and approve the decision of the district court.
IT IS SO ORDERED.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.
NOTES
[*] In the First District's opinion the court refers to five reasons for departure, but six are listed. The same six reasons also appear in the trial court's order.