SCHWARTZ, Chief Judge.
The defendant appeals from a sentence in excess of the guidelines which is not supported by written — or oral — reasons for departure. We reverse.
The state’s sole argument in support of this obviously facially defective sentence is the claim that Vaprin pled guilty to the charge “straight up” to the court, upon the general understanding that any sentence up to the statutory maximum could be imposed. See Smith v. State, 529 So.2d 1106 (Fla.1988). We do not agree. In Smith, the proposed sentence in excess of the guidelines was agreed to by the defendant in exchange both for an undertaking not to impose a still heavier sentence upon a finding of clearly available grounds for departure, and in return for the dropping of other charges. In this case, while additional charges were indeed dropped by the prosecution, they were not shown to have increased the guideline range even if Vap-rin had been convicted of them. Moreover, there was at no time any indication that grounds for departure existed. In other words, the state’s version of the effect of the appellant’s plea to the court, which would and did result in the court’s right to sentence him to any term within the statutory requirement and without reason for departure, would mean not only that Vap-rin received nothing in return for his guilty plea, but that he was in a positively worse position than if he had gone to trial and been found guilty. Such a one-sided misnamed “bargain” will not be enforced. See Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989).
Accordingly, the sentence under review is reversed and remanded with directions to resentence Vaprin within the guidelines.