PER CURIAM.
Hadden raises similar points in the direct appeals from a judgment and sentence for burglary entered on his guilty plea (Case No. 89-00518) and from the resulting violation of probation and sentence entered thereon (Case No. 89-00519). We, therefore, consolidate these two appeals.
The first point is that the combined sentences are in excess of the amount agreed to in a plea agreement. The agreement was for five and one-half years without bump-up for the violation of probation. The appellant actually received four years for the new burglary and three and one-half years for the violation of probation. However, the trial judge gave credit for two years previously served, making a total of five and one-half years to be served. There was no objection at sentencing, and thus no discussion as to further details of the agreement. We find this a classic case for the proposition that appellant must raise this point by a motion to withdraw the plea or a Florida Rule of Criminal Pro *431 cedure 3.850 motion to vacate. See McGinty v. State, 463 So.2d 495 (Fla. 2d DCA 1985).
Hadden’s second point in Case No. 89-00518, that he was not given notice of intent to impose costs and attorney’s fees, has merit. We, therefore, vacate the portion of the sentence imposing costs and attorney’s fees.
Hadden’s second point in Case No. 89-00519 is that he did not receive sufficient credit for time served. Appellant may also raise this issue in a Florida Rule of Criminal Procedure 3.850 motion to vacate.
Costs and attorney’s fees vacated, otherwise affirmed.
SCHOONOVER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.