559 So.2d 1265 (1990)
Dale HICKS, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1626.
District Court of Appeal of Florida, Third District.
April 17, 1990.
*1266 Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Monique T. Befeler, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, Dale Hicks, appeals the sentences imposed in two cases which were consolidated for sentencing. We affirm the original sentencing order dated May 17, 1989.
A negotiated plea agreement is binding and is sufficient to justify a departure from the presumptive guidelines sentence. Smith v. State, 529 So.2d 1106 (Fla. 1988); Quarterman v. State, 527 So.2d 1380 (Fla. 1988). In the instant case, the original sentencing hearing of May 17, 1989 constituted a negotiated plea agreement. There is nothing in the record to indicate that the plea was coerced or that the defendant did not enter into the original plea voluntarily, freely, knowingly and intelligently upon the advice of competent counsel. On the contrary, the record clearly demonstrates that at the original sentencing hearing, the trial court made a finding that the defendant freely and voluntarily entered into a plea agreement.
Moreover, the sentence which the defendant agreed to was within the statutory limit. As to Case No. 89-7052, the defendant agreed to the following: (1) the maximum fifteen year sentence on the charge of second degree burglary pursuant to Section 775.082(3)(c), Florida Statutes (1989); (2) a five year sentence on the charge of extortion which is a second degree felony punishable by a term of imprisonment not exceeding fifteen years; and (3) the maximum five year sentence pursuant to Section 775.082(3)(d), Florida Statutes (1989) as to each of the remaining counts of grand theft in the third degree, battery on a law enforcement officer and resisting an officer with violence. Therefore, the sentence on Case No. 89-7052, totalling thirty-five years, was a legal sentence. As to Case No. 89-7664, the defendant agreed to the maximum five year sentence on the charge of grand theft in the third degree pursuant to Section 775.082(3)(d), Florida Statutes (1989). Therefore, this sentence was also a legal sentence. Since the May 17, 1989 sentence was permissible and the plea agreement was binding, the agreement was "sufficient without any stated reasons to justify a departure from the presumptive sentence." Smith v. State, 529 So.2d 1106, 1107 (Fla. 1988).
On June 12, 1989, the defendant filed this appeal.[1] The appeal itself removed jurisdiction from the trial judge and eliminated her authority to change the sentence while the appeal was pending. See Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983); Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982). Thus, the mitigated sentence entered on July 12, 1989 was void for lack of jurisdiction. Upon receipt of this mandate affirming the sentence, the trial court has sixty days within which it can reduce the original forty year sentence. See Fla.R.Crim.P. 3.800(b).
NOTES
[1] The defendant appealed the final judgment of conviction and sentence "rendered the 23rd day of May, 1989". The order was dated May 17, 1989, the date of the hearing. But the execution was stayed until May 22, 1989, at which time the trial court issued a commitment order and an alias capias. Therefore, the notice of appeal referring to a May 23, 1989 order is in reality referring to the May 17, 1989 sentencing order.