569 So.2d 1351 (1990)
Dwight Lenard CASMAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-3007.
District Court of Appeal of Florida, Third District.
November 13, 1990.
*1352 Dwight Lenard Casmay, in pro. per.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before BARKDULL and HUBBART and BASKIN, JJ.
HUBBART, Judge.
This is an appeal by the defendant Dwight Lenard Casmay from a final order denying his motion to correct an alleged illegal sentence. We affirm.
On July 23, 1986, the defendant was charged by information with: (1) carrying a concealed weapon and (2) unlawful possession of cocaine; the defendant pled nolo contendere to these charges and was placed on eighteen-months probation. Several months later, the defendant was charged by information with drawing or uttering a worthless check; he was also charged by affidavit with violating his probation. Pursuant to a plea-bargain agreement, the defendant entered a plea of nolo contendere to the worthless check charge and admitted the violation of probation charge; in exchange therefor, he received two consecutive five-year sentences for violating his probation on the prior convictions for carrying a concealed weapon and unlawful possession of cocaine, and a consecutive sentence of 364 days in the county jail on the worthless check charge. The two consecutive five-year sentences represented a several cell upward departure from the presumptive sentencing guidelines range; no written reasons were given by the trial judge for this sentencing guidelines departure, although admittedly the sentences were imposed pursuant to the aforesaid plea-bargain agreement.
It was further agreed as part of the subject plea bargain that the defendant would have a few days subsequent to the imposition of sentence to get his affairs in order and thereafter would surrender himself the following Monday to begin serving his sentence; if he surrendered as promised, it was agreed  and here was the primary inducement for the defendant to enter into this plea agreement  that the entire sentence would be reduced to 364 days in the county jail. The defendant, however, failed to surrender himself the following Monday as agreed and, accordingly, the original sentences imposed stood. The defendant was eventually taken into custody and filed a motion to correct an alleged illegal sentence pursuant to Fla.R.Crim.P. 3.800(a); he contended therein that the two consecutive five-year sentences for probation violation were illegally imposed because the trial judge gave no written reasons for the several cell upward departure from the sentencing guidelines range. The trial court denied the motion and this appeal follows.
On appeal, the defendant does not deny that he agreed to the sentences which he received nor does he challenge the lawfulness of the plea-bargain agreement under which he was sentenced. Indeed, he could not successfully contend otherwise as the record affirmatively demonstrates that the defendant was sentenced below pursuant to a plea-bargain agreement which was entirely valid under Florida law. Quarterman v. State, 527 So.2d 1380 (Fla. 1988).
The defendant's contention on appeal, however, is, as he asserted below, that the two consecutive five-year sentences he received for violating his probation were unlawful, although imposed pursuant to a valid plea-bargain agreement, because the trial court did not state in writing any reason for departing from the sentencing guidelines as required by Fla.R.Crim.P. 3.701(d)(11). We reject this contention and affirm based on the authority of Smith v. State, 529 So.2d 1106 (Fla. 1988):
"Once a plea agreement is negotiated which specifies the permissible sentence, the agreement is binding and is sufficient without any stated reasons to justify *1353 a departure from the presumptive [sentencing guidelines] sentence."
Id. at 1107 (emphasis added). In accord therewith, the Second District Court of Appeal has similarly held that no written reasons need be given to justify a sentencing guidelines departure where, as here, the sentence is imposed pursuant to a valid plea-bargain agreement. Long v. State, 540 So.2d 903 (Fla. 2d DCA 1989); Davis v. State, 528 So.2d 521 (Fla. 2d DCA), rev. denied, 536 So.2d 243 (Fla. 1988). We entirely agree.
Moreover, we do not read Pope v. State, 561 So.2d 554 (Fla. 1990) and State v. Jackson, 478 So.2d 1054 (Fla. 1985) to compel a contrary result. Although both decisions require the trial court to give written reasons for a sentencing-guidelines departure at the time sentence is imposed, neither case holds that this requirement obtains where the departure is imposed pursuant to a valid plea-bargain agreement; indeed, Smith holds quite to the contrary. Where, as here, a sentencing-guidelines departure is imposed pursuant to a valid plea agreement, no stated reasons, written or oral, are necessary to justify the subject departure; a voluntary plea agreement spread out on the record for all the world to see fully justifies such a departure. See Fla.R. Crim.P. 3.172(c)(vii).
Affirmed.
BARKDULL, J., concurs.
BASKIN, Judge (dissenting).
My disagreement with the majority stems from the Florida Supreme Court's pronouncements that the sentencing document must reflect the reasons for the trial court's departure from guidelines requirements. Pope v. State, 561 So.2d 554 (Fla. 1990); State v. Jackson, 478 So.2d 1054 (Fla. 1985). Granted, Smith v. State, 529 So.2d 1106 (Fla. 1988), permits a negotiated plea to serve as the basis for departure; that holding does not make clear whether the need remains for the trial court to cite the plea as its reason for departure. The guidelines scoresheet provides a space marked "Reasons for departure" in which a trial court should specify the existence of a negotiated plea. Here, the court left the space blank and even indicated, in box 14, that it was imposing a guideline sentence under the box 13 plea.[1]
Smith, 529 So.2d at 1106, approved "the fact of the agreement" as an adequate reason, but the fact of the agreement does not appear on this form as a reason for departure. An examination of the transcript will disclose the trial court's reasoning but the supreme court has declared that procedure inadequate and has seen fit to require a form reflecting the trial court's reasons. A negotiated plea is sufficient, but it should appear on the form as the reason for departure.
For these reasons, I would vacate the sentence imposed and remand for resentencing within the guidelines. Pope.
NOTES
[1] I cannot determine whether the trial court mistakenly thought the sentence fell within the guidelines or erred in filling out the form.