PETERSON, Judge.
Melvin Fisher appeals the summary denial of his motion for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand for an evidentiary hearing on the only issue having merit: whether the trial court’s sentence of imprisonment followed by probation was in excess of the sentence agreed upon in the plea agreement. The procedural path chosen by Fisher is correct pursuant to Hadden v. State, 555 So.2d 430 (Fla. 2d DCA 1990).
The state agreed to nol-pros two of the three cases against Fisher in return for his entering a plea of nolo contendere to one count of trafficking in cocaine and one count of sale of cocaine in the remaining case. The inartfully drafted plea agreement states:
*422 The State of Florida and I have agreed upon the following sentence to be imposed as a condition of this plea:
Case Number Offense Sentence
K 90-657-CFA Nolle Prosequi
K 90-658-CFA Nolle Prosequi
B 90-628-CFA Only one three year mandatory minimum.
The trial court sentenced Fisher to concurrent, true split-sentences of fifteen years on the two counts — four and one-half years’ incarceration and probation of ten and one-half years. In addition, the court imposed a three-year minimum mandatory and a $50,000 fine. Fisher argues that he should serve only the three-year mandatory sentence set forth in the plea agreement. The state argues that, under the plea agreement, the court had discretion to sentence Fisher within the guidelines and that the sentence meets the guidelines. According to the score sheet, the charges in case 90-628 would have permitted two minimum mandatory periods of incarceration. One is required, however, to speculate whether the agreement calls for only a three-year mandatory minimum sentence or whether it contemplates an unspecified sentence which is to include no more than one three-year mandatory minimum sentence.
Since we conclude that the written agreement is ambiguous, we remand for attachment of those portions of the record showing that Fisher is not entitled to relief or, in the alternative, for an evidentiary hearing.
REVERSED and REMANDED.
GRIFFIN and DIAMANTIS, JJ„ concur.