PETERSON, Judge.
Robert Smith complains in his pro se brief of an Anders appeal that he should have been allowed to withdraw his plea of nolo contendere. One of the conditions of his plea agreement was that, if the trial court did not impose the agreed upon sentence, Smith could withdraw his plea. At sentencing, the trial court imposed a heavier sentence than that agreed upon in the plea bargain. Smith alleges that he then told his attorney to “take his plea back,” and pursuant to that instruction, defense counsel and the trial court engaged in an unrecorded bench conference. The conference did not result in a change in the sentence, and the record does not reflect that Smith has made any motion to withdraw his plea. We affirm.
In the absence of a motion to withdraw a plea, an appellate court has no jurisdiction to review the character of the entry of the plea. Byrd v. State, 419 So.2d 725 (Fla. 5th DCA 1982). Rule 3.172(g), Florida Rules of Criminal Procedure, allows the withdrawal of a plea of nolo con-tendere if a trial judge does not concur with the tendered plea, but other than Smith’s assertions on appeal that he told his attorney to withdraw the plea, nothing is in the record before us to indicate an attempt to withdraw the plea.
The judgment and sentence are affirmed without prejudice to the filing of a motion in the trial court to withdraw the plea. See Hadden v. State, 555 So.2d 430 (Fla. 2d DCA 1990).
AFFIRMED.
GOSHORN, C.J., and HARRIS, J., concur.