595 So.2d 1078 (1992)
John Walter WOLF, Appellant,
v.
STATE of Florida, Appellee.
No. 91-885.
District Court of Appeal of Florida, First District.
March 16, 1992.
Nancy A. Daniels, Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant challenges the departure sentence imposed by the trial court pursuant to a negotiated plea agreement. The issue is whether a departure sentence based upon a plea agreement must conform to the provisions of Florida Rule of Criminal Procedure 3.701(d)11, requiring written reasons for departure. We affirm.
*1079 In a two-count indictment, appellant was charged with first-degree or felony murder, and with robbery. Pursuant to a plea agreement, he pled nolo contendere to second-degree murder. The written plea agreement indicated the state's intent to recommend a life sentence, and appellant's agreement that the court was not bound by the sentencing guidelines, and could sentence up to the maximum provided by law, which was life in prison. The plea transcript contains appellant's affirmative statements that he understood the charge to which he proposed to plead carried a maximum penalty of life in prison, and that the court was not bound by the state's recommendation. Upon being advised that appellant's scoresheet total reflected a recommended sentence of fifteen years, the trial court stated:
And it still is my understanding from the plea agreement ... that the Court would not be bound by the guidelines... . And could exceed that without written reasons or objection ... is that correct?
Defense counsel stated, "That's correct, Your Honor."
The trial court imposed a sentence of forty-five years. A written order setting forth reasons for departure was not issued, and the space provided on the guidelines scoresheet for "Reasons for Departure" was left blank. Appellant contends that although a plea agreement can constitute a valid reason for departure, that reason, like any other, must be reduced to writing. We agree that better practice dictates a written statement specifying that a departure sentence is based on a negotiated plea agreement, but the failure to do so does not invalidate the sentence imposed pursuant to that agreement.
It is well settled that a trial court may exceed the recommended guidelines sentence based on a legitimate and uncoerced plea bargain. Quarterman v. State, 527 So.2d 1380, 1382 (Fla. 1988). Moreover, "[o]nce a plea agreement is negotiated which specifies the permissible sentence, the agreement is binding and is sufficient without any stated reasons to justify a departure from the presumptive sentence." Smith v. State, 529 So.2d 1106, 1107 (Fla. 1988) (Emphasis supplied.)
The issue presented in this case was decided adversely to appellant's position in Casmay v. State, 569 So.2d 1351 (Fla. 3d DCA 1990). In Casmay, the third district rejected the argument that sentences imposed pursuant to a valid plea bargain were unlawful because the trial court did not provide written departure reasons. 569 So.2d at 1352. The court further found that the decisions in Pope v. State, 561 So.2d 554 (Fla. 1990) and State v. Jackson, 478 So.2d 1054 (Fla. 1985), do not compel a contrary result, concluding that "a voluntary plea agreement spread out on the record for all the world to see fully justifies such a departure." 569 So.2d at 1353.
The record in this case reflects that appellant was fully cognizant that under the terms of the agreement, the trial court was free to impose a departure sentence up to the statutory maximum of life, without providing written reasons for departure.
Accordingly, appellant's departure sentence imposed pursuant to the negotiated plea agreement is affirmed.
ZEHMER and WOLF, JJ., concur.