598 So.2d 188 (1992)
James Richard REYNOLDS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-1349.
District Court of Appeal of Florida, First District.
May 5, 1992.
*189 William K. Jennings, Crawfordville, for appellant.
Robert A. Butterworth, Atty. Gen., James Rogers, Gypsy Bailey, and Andrea England, Asst. Attys. Gen., for appellee.
SHIVERS, Judge.
Reynolds, the defendant below, appeals his classification and sentencing as a habitual felony offender (HFO) pursuant to section 775.084, Florida Statutes (1989). He alleges three grounds for relief: 1) the enhanced sentences contravene the "sequential convictions" requirement of the HFO statute; 2) the sentence to 10 years' imprisonment followed by 5 years' probation, with a special condition for payment of restitution, in Case No. 91-4771 constitutes error; and 3) the concurrent 5-year prison sentences imposed for violations of probation (VOP) in Cases No. 89-4472, 89-4494, 89-4495 and 89-4496 impermissibly exceed the sentencing guidelines range without written reasons for departure. As to first and third issues, we affirm. On the second issue, we affirm the split sentence of 10 years in prison followed by 5 years of probation, but we reverse the restitution order and remand for further proceedings consistent with sections 775.089(1)(a) & (6) and 948.03(1), Florida Statutes (1989). See Holland v. State, 485 So.2d 471 (1st DCA 1986), pet. for rev. den., 508 So.2d 5 (Fla. 1987); Laster v. State, 587 So.2d 674 (Fla. 1st DCA 1991); Wilson v. State, 407 So.2d 1078 (Fla. 1st DCA 1982).
In seeking a HFO classification prior to appellant's sentencing for the 1990 offenses in Cases No. 90-4770, 90-4771, 90-4976, 90-4820 and 90-4821, the state relied on the two prior felony convictions of October 5, 1989 and October 11, 1989 in Santa Rosa and Escambia Counties, respectively. Because the state offered no proof that the second felony conviction resulted from an offense committed after the first felony conviction, appellant alleged a breach of the "sequential conviction" requirement enunciated in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991). We find appellant's argument unpersuasive in light of section 775.084(1)(a), Florida Statutes (1989) and the holding in State v. Barnes, 595 So.2d 22 (Fla. 1992).
Appellant committed the 1990 offenses within the 4-year probationary period resulting from conviction of his prior crimes. He entered a plea of no contest to most of the 1990 charges pursuant to a negotiated plea agreement. Describing the terms of the plea agreement, the trial judge instructed appellant as follows:
Now, your lawyer has indicated her understanding that if you do plead no contest, that the Court would adjudge you guilty of these crimes, but before imposing any sentence would order a presentence investigation to be made and would consider any facts which might be shown by that report. But in any event, it's agreed between your lawyer and the State that a sentence of imprisonment would not exceed a period of ten years.
Appellant alleges error in his sentence in Case No. 90-4771 to 5 years' probation with a special requirement of restitution, following the 10 years' incarceration. The defense did not object to the imposition of a 5-year probationary term, nor did appellant move to withdraw his plea after the actual sentence was pronounced. See Little v. State, 492 So.2d 807 (Fla. 1st DCA 1986); Lepper v. State, 451 So.2d 1020 (Fla. 1st DCA 1984). As to the length of the probationary sentence, we hold that the issue is not cognizable on direct appeal. Murray v. State, 566 So.2d 30 (Fla. 1st DCA 1990); Hadden v. State, 555 So.2d 430 (Fla. 2nd DCA 1990); Duhart v. State, 548 So.2d 302 (Fla. 5th DCA 1989). Accordingly, we dismiss the appeal concerning the 5-year period *190 of probation, without prejudice to appellant's filing in the trial court either a motion to withdraw the plea or a motion under Fla.R.Crim.P. 3.850 to vacate that sentence. See Murray, 566 So.2d at 31; Gill v. State, 550 So.2d 72, 73 (Fla. 2nd DCA 1989).
Under the particular facts, the order of probation is invalid in requiring restitution, however, and we reverse the order insofar as it requires restitution, and remand for the trial court to make further findings in compliance with sections 775.089 and 948.03, Florida Statutes (1989), and consistent with our holdings in Holland and Laster. At the sentencing hearing on March 27, 1991, the trial judge imposed a special probationary condition requiring appellant to make restitution as shown by the presentence investigation (PSI). Under section 775.089, Florida Statutes (1989), appellant was not entitled to advance notice before the trial court imposed restitution. See Gaskin v. State, 513 So.2d 1087 (Fla. 1st DCA 1987); Gilford v. State, 487 So.2d 53 (Fla. 2nd DCA 1986). The trial court agreed to provide a restitution hearing, as timely requested by defense counsel, but none was held.
In Johnson v. State, 547 So.2d 300 (Fla. 3rd DCA 1989), the appellate court vacated the restitution orders and remanded for a hearing because, like here, it was undisputed that the orders were entered without the opportunity for the defendant to be heard. See Strickland v. State, 596 So.2d 1155 (Fla. 2nd DCA 1992) (reversing restitution orders where defendant not afforded opportunity to be heard); Howren v. State, 510 So.2d 1142 (Fla. 2nd DCA 1987). Where no prior notice is given to a defendant, and he objects to, or otherwise contests, the restitution order, "the trial judge must suspend the sentencing hearing for a reasonable time and allow the defendant to be heard on issues relevant to restitution." Goodson v. State, 400 So.2d 791, 793 (Fla. 2nd DCA 1981); Wilson. Cf. Morgan v. State, 491 So.2d 326 (Fla. 1st DCA 1986) (failure of defendant to assert right to restitution proceedings constituted waiver of right to appeal trial court's failure to determine ability to pay).
In setting the terms and conditions of probation, the trial court may require the probationer to make restitution for damage or loss caused by the offense "in an amount to be determined by the court." Section 948.03(1), Florida Statutes (1989). The trial judge stated that the restitution would be as shown by the PSI, yet the PSI recommends restitution in specific amounts for some victims but leaves other amounts to be determined. No specific amount of restitution was set at the sentencing hearing, nor does the probation order include a specific sum. Instead, the trial court ordered appellant to "[m]ake restitution as determined by Probation and Parole [Services]." In Hamm v. State, 403 So.2d 1155 (Fla. 1st DCA 1981), we determined that the trial court had improperly requested the Probation and Parole Commission to determine the amount of restitution due, for that is the statutory responsibility of the trial court. Id. at 1156, citing McClure v. State, 371 So.2d 196, 197 (Fla. 2nd DCA 1979); Gray v. State, 535 So.2d 721 (Fla. 1st DCA 1988). In this instance, the restitution order is invalid because the determination of the amount is a non-delegable judicial responsibility. Section 775.089(7), Florida Statutes (1989); Robinson v. State, 586 So.2d 88 (Fla. 1st DCA 1991); Ballance v. State, 447 So.2d 974, 976 (Fla. 1st DCA 1984).
Under certain circumstances, a trial court may rely on the hearsay evidence of recommended restitution amounts from a PSI to make its determination. See Thomas v. State, 581 So.2d 992 (Fla. 2nd DCA 1991); Flanagan v. State, 536 So.2d 275 (Fla. 2nd DCA 1988). In the proceedings below, however, counsel for appellant timely requested, but never received, a restitution hearing. Under those circumstances, the trial court erred in basing the restitution order in part on hearsay evidence. See Boyle v. State, 589 So.2d 1015 (Fla. 2nd DCA 1991); Mansell v. State, 498 So.2d 604 (Fla. 2nd DCA 1986). We reverse the probation order insofar as it sets a special condition of restitution, and remand for further proceedings consistent with this opinion.
*191 In Case Nos. 89-4472, 89-4494, 89-4495 and 89-4496, the trial court revoked probation and sentenced appellant to 5-year prison terms, to run concurrently to the sentences imposed as a result of the 1990 substantive offenses that had violated the terms of probation. Appellant alleges error because the 5-year concurrent sentences for VOP exceed the sentencing guidelines and were imposed without any written explanation by the trial court. We disagree. See Fla.R.Crim.P. 3.701(d)(1) & (d)(10).
The state acknowledges that the guideline scoresheet originally used to sentence appellant for the 1989 offenses recommended a sentence of "any nonstate prison sanction." However, after appellant committed the new substantive offenses in 1990, the state correctly prepared a new scoresheet pursuant to Fla.R.Crim.P. 3.701(d)(1), which provides that one guideline scoresheet is to be utilized "covering all offenses pending before the court for sentencing." See Clark v. State, 572 So.2d 1387, 1391 (Fla. 1991). The newly prepared scoresheet indicated a recommended sentencing range of 12-17 years' imprisonment, with a permitted sentencing range of 9-22 years' imprisonment.
However, because the 1989 offenses are third-degree felonies, each punishable by not more than 5 years' imprisonment pursuant to section 775.082(3)(d), Florida Statutes (1989), the trial court was constrained by the statutory maximum to impose no more than a 5-year sentence in each case. See Fla.R.Crim.P. 3.701(d)(10) (where composite score indicates a guideline sentence exceeding the statutory maximum, the statutory maximum should be imposed). We find appellant's argument on this issue to be without merit. Arguendo, if a departure had occurred, the negotiated plea agreement, which specifically encompassed the violations of probation, was a valid reason for the trial court to depart from the sentencing guidelines and did not require written reasons. See Smith v. State, 529 So.2d 1106 (Fla. 1988); Holland; Yukanovitz v. State, 547 So.2d 722, 723 (Fla. 1st DCA 1989). The concurrent 5-year terms of imprisonment for VOP are legal and will not be disturbed. Jones v. State, 387 So.2d 401 (Fla. 5th DCA 1980); Adams v. State, 347 So.2d 685 (Fla. 4th DCA 1977).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WIGGINTON and BARFIELD, JJ., concur.