622 So.2d 1151 (1993)
Peggy L. PALAG, Appellant,
v.
STATE of Florida, Appellee.
No. 93-191.
District Court of Appeal of Florida, First District.
August 18, 1993.
Nancy A. Daniels, Public Defender, and Chris W. Hoeg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Joe Garwood, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant appeals the provisions of her community control order which require her to maintain an hourly accounting of her activities in a daily log, and require her to make restitution in the amount of $26,974.00. We reverse as to those conditions and remand for further proceedings.
The condition of community control requiring appellant to maintain a daily log containing an hourly accounting of her activities was not pronounced orally at sentencing, and is not authorized by statute. Therefore, this condition must be stricken. Black v. State, 614 So.2d 1220 (Fla. 2d DCA 1993); Vinyard v. State, 586 So.2d 1301 (Fla. 2d DCA 1991). See also Nichols v. State, 528 So.2d 1282 (Fla. 1st DCA 1988). The parties recognize that the provisions of section 775.089(1)(a), Florida Statutes, place a defendant on constructive notice that restitution may be ordered. Reynolds v. State, 598 So.2d 188, 190 (Fla. 1st DCA 1992). Nevertheless, it is improper to establish a restitution amount without affording the defendant prior notice and an opportunity to be heard on the issue. Reynolds, 598 So.2d at 190; Harris v. *1152 State, 593 So.2d 1169, 1171 (Fla. 1st DCA 1992). The state concedes the trial court erred in imposing a restitution amount in the written judgment, when the amount was not mentioned at the revocation proceeding. Moreover, the record before this court is silent with regard to the manner in which the restitution amount was determined.
Accordingly, this cause is remanded with directions to strike community control condition thirteen, requiring appellant to maintain an hourly record of her activities, and to conduct a hearing on the amount of restitution appellant will be required to pay.
ZEHMER, C.J., and JOANOS and BARFIELD, JJ., concur.