649 So.2d 329 (1995)
Anthony A. BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1347.
District Court of Appeal of Florida, Fifth District.
January 27, 1995.
James B. Gibson, Public Defender, and Daisy G. Clements, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lori E. Nelson, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Anthony A. Brooks appeals his sentences, contending that the trial court's departure from the sentencing guidelines violates State v. Davis, 630 So.2d 1059 (Fla. 1994) (sentencing disposition which imposes sanctions of county jail and community control constitutes *330 departure sentence requiring contemporaneous written reasons). Brooks also challenges the imposition of certain costs. We affirm Brooks' sentences, vacate the cost items, and remand for further proceedings consistent with this opinion.
Under the applicable guidelines, Brooks' sentencing guidelines range was any nonstate prison sanction or community control, or 1 to 3 1/2 years incarceration. The trial court departed from these guidelines and sentenced Brooks to concurrent terms of two years community control, with a special condition that Brooks serve six months in the county jail, followed by two years of probation. The trial court did not provide any contemporaneous written reasons justifying the departure.
Although we recognize that, standing alone, this departure sentence would require the furnishing of contemporaneous written reasons, we affirm because this sentence was imposed pursuant to a plea agreement in which Brooks specifically agreed to the imposition of a departure sentence.[1] A trial court is authorized to impose a sentence which exceeds the recommended guidelines without providing written reasons justifying departure based upon a legitimate and uncoerced plea agreement, provided that the sentence does not exceed the statutory maximum. Smith v. State, 529 So.2d 1106, 1107 (Fla. 1988); Quarterman v. State, 527 So.2d 1380, 1382 (Fla. 1988). Cf. Cheney v. State, 640 So.2d 103 (Fla. 4th DCA 1994); Vickers v. State, 630 So.2d 1229 (Fla. 2d DCA 1994); Marshall v. State, 623 So.2d 1230 (Fla. 1st DCA), appeal dismissed, 626 So.2d 207 (Fla. 1993). Accordingly, we affirm Brooks' departure sentence.
We vacate, however, the special condition in each sentence which requires Brooks to pay $1 per month to First Step, Inc., of the Fifth Circuit, because the trial court failed to reference the statutory authority for the imposition of such costs. See Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994); Craig v. State, 643 So.2d 50 (Fla. 5th DCA 1994). If the trial court reimposes such costs on remand, the trial court must reference the statutory authority for the imposition of these costs.
We also vacate the special condition contained in each sentence requiring Brooks to pay to the State of Florida $1 per day for the cost of his electronic monitoring during the period of his community control because, although this condition appears on the sentencing documents, it was not orally pronounced at sentencing. Any discrepancy between oral pronouncements and written sentencing orders must be resolved on remand. See Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993). See also Anderson v. State, 616 So.2d 200 (Fla. 5th DCA 1993). Also, the trial court failed to reference the statutory authority for the imposition of such costs. See Morris v. State, 642 So.2d 586 (Fla. 5th DCA 1994); Shaddix v. State, 599 So.2d 269 (Fla. 1st DCA 1992). On remand, if the trial court resolves this discrepancy by reimposing the payment of this cost item as a condition of community control, the trial court must reference the statutory authority for its imposition.[2]
AFFIRMED in part; VACATED in part; REMANDED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] Compare Hause v. State, 643 So.2d 679 (Fla. 4th DCA 1994), wherein the defendant merely acquiesced in the imposition of an illegal sentence and, thus, on appeal the court reversed the sentence. In this regard, we agree with Brooks that departure errors apparent on the face of the record do not require a contemporaneous objection to be preserved for review. See Taylor v. State, 601 So.2d 540 (Fla. 1992). See also Forehand v. State, 537 So.2d 103 (Fla. 1989); State v. Whitfield, 487 So.2d 1045 (Fla. 1986).
[2] While section 948.03(2)(a)(4), Florida Statutes (Supp. 1992), authorizes a trial court to impose surveillance by electronic monitoring of a person placed on community control, and sections 948.03(2)(b)1 and 948.03(3)(a)1 contain provisions pertaining to electronic monitoring of persons in community control programs, this statute does not authorize or mandate imposition of costs for such electronic monitoring.