667 So.2d 191 (1996)
STATE of Florida, Petitioner,
v.
Christopher WILLIAMS, Respondent.
No. 85784.
Supreme Court of Florida.
January 25, 1996.
*192 Robert A. Butterworth, Attorney General and Dale E. Tarpley, Assistant Attorney General, Tampa, for Petitioner.
James Marion Moorman, Public Defender and John C. Fisher, Assistant Public Defender, Bartow, for Respondent.
PER CURIAM.
We have for review Williams v. State, 653 So.2d 407 (Fla. 2d DCA 1995), which expressly and directly conflicts with our opinion in Smith v. State, 529 So.2d 1106 (Fla. 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Williams and hold that a departure sentence imposed pursuant to a valid plea agreement does not require written reasons, provided, of course, that the sentence does not exceed the statutory maximum and that the terms of the plea agreement are apparent on the face of the record.
Respondent Christopher Williams was charged by information with manufacture of cannabis, possession of cannabis, and possession of drug paraphernalia.[1] The state dropped the possession of cannabis count, and pursuant to negotiations, Williams pled nolo contendere to the other two counts. In the plea agreement and at sentencing, Williams agreed to two years' community control acknowledging this was a departure from the guidelines. The recommended sentence, under the recommended range and the permitted range of the sentencing guidelines, is any nonstate prison sanction. Williams was sentenced to two years' community control followed by two years' probation on the manufacturing offense and one year probation on the possession count to run concurrent with the community control.
On appeal to the Second District, Williams challenged the trial court's sentence of two years' community control followed by two years' probation imposed for manufacture of cannabis. He also challenged some of the conditions of probation contained in the written sentencing order. Because the trial court did not give a written reason for the departure sentence, the district court remanded for resentencing. The district court also ordered the trial court to strike the special conditions of probation not orally pronounced at sentencing.
The issue presented in this case is whether a departure sentence imposed pursuant to a valid plea agreement requires written reasons, provided that the sentence does not exceed the statutory maximum. The state argues that our decision in Smith v. State, 529 So.2d 1106 (Fla. 1988), controls and we should hold, as we presumably did in Smith, that a plea agreement that provides for a sentence with a term less than a statutory maximum for a single offense is an adequate reason for exceeding guidelines up to the agreed maximum without stating reasons other than the fact of the agreement. Williams, on the other hand, contends that, as a general rule, written reasons for departure are necessary when imposing departure sentences and neither statutory nor criminal procedural law provide for an exception.
In Smith v. State, 598 So.2d 1063 (Fla. 1992), Justice Barkett succinctly stated the rationale behind requiring a court to write its reasons for departure at the time of sentencing:
[F]undamental principles of justice compel a court to carefully and thoroughly think through its decision when it restricts the liberty of a defendant beyond the period allowed in the sentencing guidelines. Requiring a court to write its reasons for departure at the time of sentencing reinforces the court's obligation to think through its sentencing decision, and it preserves for appellate review a full and accurate record of the sentencing decision.
Id. at 1067; see also Ree v. State, 565 So.2d 1329, 1332 (Fla. 1990), receded from on other grounds, Smith v. State, 598 So.2d 1063 (Fla. 1992). When a court accepts a valid plea agreement, the rationale underlying contemporaneous *193 written reasons for departure is vitiated. In other words, a departure sentence imposed pursuant to a valid plea agreement does not need written reasons to justify the departure; "a voluntary plea agreement spread out on the record for all the world to see fully justifies such a departure." Casmay v. State, 569 So.2d 1351, 1353 (Fla. 3d DCA 1990). Furthermore, appellate review is not hindered when the plea is in the record.
While not employing the express reasoning above, our decision in Smith v. State, 529 So.2d 1106 (Fla. 1988), arrived at a very similar conclusion. In Smith, we answered the following question in the affirmative:
IS A PLEA AGREEMENT, PROVIDING ONLY FOR A SENTENCE WITHIN A TERM LESS THAN THE STATUTORY MAXIMUM FOR A SINGLE CHARGED OFFENSE, AN ADEQUATE REASON FOR EXCEEDING GUIDELINES UP TO THE AGREED MAXIMUM WITHOUT STATING REASONS OTHER THAN THE FACT OF THE AGREEMENT?
Id. at 1106. Factually, Smith was charged with and pled guilty to armed robbery. Under the terms of a plea agreement, Smith agreed to be sentenced to a term not to exceed twenty years. At Smith's sentencing the trial court recited six reasons for departure, including Smith's plea agreement. On appeal the district court determined that five of the six reasons were not clear and convincing reasons for departure and remanded the case for resentencing. "The [district] court specifically found the plea agreement was not clear and convincing reason to depart because there was no evidence in the record before the court that Smith entered into such an agreement, nor was there evidence of the specific terms of the agreement." Id. at 1107. Upon resentencing, the trial court determined that a valid agreement existed and departed from the presumptive guidelines sentence on the basis of the agreement alone.
In our analysis, we first reaffirmed that a negotiated plea agreement is a valid reason upon which to base a departure from the presumptive guidelines sentence. See Quarterman v. State, 527 So.2d 1380 (Fla. 1988). We then discussed the circumstances surrounding Smith's plea agreement, including its voluntariness, and concluded:
We find no impropriety in allowing a defendant charged with only one offense to negotiate a plea agreement that provides a sentencing cap which is less than the statutory maximum in order to limit his exposure to jail time if the trial judge elects to depart from the recommended guidelines sentence.
Smith, 529 So.2d at 1107. Lastly, we held "[o]nce a plea agreement is negotiated which specifies the permissible sentence, the agreement is binding and is sufficient without any stated reasons to justify a departure from the presumptive sentence." Id. (emphasis added).
Based on Smith, several district courts have held that a departure sentence imposed pursuant to a valid plea agreement does not require written reasons.[2] However, within some of the district courts, there are conflicting decisions.[3]
In this case, Williams does not deny that he agreed to the sentences which he received nor does he challenge the lawfulness of the plea-bargain agreement under which he was sentenced. In fact, he could not successfully argue otherwise as the record affirmatively demonstrates that he was sentenced below pursuant to a plea agreement which was entirely valid under Florida law. See Quarterman v. State, 527 So.2d 1380 (Fla. 1988). Moreover, there is nothing in the record to indicate that the plea was coerced or that the defendant did not enter into the plea voluntarily, *194 freely, knowingly and intelligently upon the advice of competent counsel. On the contrary, the record clearly demonstrates that at the sentencing hearing, the trial court made a finding that the defendant freely and voluntarily entered into a plea agreement.
In conclusion, while it would be better form for a trial court to state in writing that the plea agreement is the reason for departure, the failure to do so does not invalidate a departure sentence imposed pursuant to a valid plea agreement.[4] In other words, it will be clearer to all those involved in the criminal justice system if the trial court takes the time to fill in the sentencing guidelines form or otherwise indicates in writing that the plea agreement constitutes the basis for departing from the guidelines. But the failure to do so will not affect the validity of the sentence so long as the plea agreement is established in the record. Accordingly, we quash Williams v. State, 653 So.2d 407 (Fla. 2d DCA 1995), to the extent it is inconsistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] These offenses were committed on March 12, 1993.
[2] See, e.g., Brooks v. State, 649 So.2d 329 (Fla. 5th DCA 1995); Reynolds v. State, 598 So.2d 188 (Fla. 1st DCA 1992); Wolf v. State, 595 So.2d 1078 (Fla. 1st DCA 1992); Casmay v. State, 569 So.2d 1351 (Fla. 3d DCA 1990); Hicks v. State, 559 So.2d 1265 (Fla. 3d DCA 1990).
[3] First DCA: See Reynolds v. State, 598 So.2d 188 (Fla. 1st DCA 1992); Wolf v. State, 595 So.2d 1078 (Fla. 1st DCA 1992); Hammond v. State, 591 So.2d 1119 (Fla. 1st DCA 1992); but see Cecil v. State, 596 So.2d 461, 462 (Fla. 1st DCA 1992). Second DCA: See Long v. State, 540 So.2d 903 (Fla. 2d DCA 1989); but see State v. Esbenshade, 493 So.2d 487 (Fla. 2d DCA 1986). Fifth DCA: See Brooks v. State, 649 So.2d 329 (Fla. 5th DCA 1995); Smith v. State, 553 So.2d 748 (Fla. 5th DCA 1989); but see Williams v. State, 618 So.2d 773, 774 n. 1 (Fla. 5th DCA 1993).
[4] We have serious doubts as to whether Williams' sentence constituted a departure from the guidelines. The note to rule 3.988(g), Florida Rules of Criminal Procedure, provides:

Any person sentenced for a felony offense committed after October 1, 1988, whose presumptive sentence is any nonstate prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months. Such sentence is not subject to appeal.
(Emphasis added.) The permissible sentence for community control has been interpreted in two ways based upon the above language. At least one district court believes that a court may sentence a defendant to "community control or up to 22 months in prison." Matthews v. State, 557 So.2d 938, 938 (Fla. 5th DCA 1990). The Second District believes that the "statutory limit" for imposing community control is twenty-two months. Williams v. State, 653 So.2d 407, 408 (Fla. 2d DCA 1995); Thompson v. State, 617 So.2d 411, 412 (Fla. 2d DCA 1993).
The plain meaning of the above language indicates that only the "term of incarceration" is limited to 22 months. If the phrase had omitted the second "to" and read, "to community control or a term of incarceration not to exceed 22 months," then it is more likely that community control also could not exceed 22 months. But that is not the case.
Consistent with this reading is the statutory maximum for community control. See Fla. R.Crim.P. 3.701(d)(13) ("When community control is imposed, it shall not exceed the term provided by general law."). Section 948.01(4), Florida Statutes (1993), provides, in relevant part:
When community control or a program of public service is ordered by the court, the duration of community control supervision or public service may not be longer than the sentence that could have been imposed if the offender had been committed for the offense or a period not to exceed 2 years, whichever is less.
Consequently, for any one offense, community control may be imposed for a maximum of two years. Crawford v. State, 567 So.2d 428, 429 (Fla. 1990); Davis v. State, 461 So.2d 1003, 1004 (Fla. 1st DCA 1984), disapproved of on other grounds, State v. Mestas, 507 So.2d 587 (Fla. 1987).
In this case, the trial court sentenced Williams to 2 years' community control followed by 2 years' probation for the manufacture of cannabis. See § 893.13(1)(a)2, Fla. Stat. (1993). The statutory maximum for this offense is a term of imprisonment not exceeding 5 years. § 775.082(3)(d), Fla. Stat. (1993). As to the possession of drug paraphernalia offense, see section 893.147(1), the court sentenced Williams to one year probation concurrent with the 2 years' community control. The statutory maximum for this offense is a "definite term of imprisonment not exceeding one year." Id. § 775.082(4)(a).
Under Crawford, the community control portion of Williams' sentence is not illegal and, as we see it, not a departure. It does not exceed the two-year statutory maximum. As to Williams' "total sanction" (community control and probation), it is valid for two reasons. First, probation and community control can be stacked in a single sentence. Skeens v. State, 556 So.2d 1113, 1113-14 (Fla. 1990). Second, the sentences do not "exceed the term provided by general law." See Fla.R.Crim.P. 3.701(d)(13) (1988 Sentencing Guidelines Commission Notes); Phillips v. State, 651 So.2d 203, 205 (Fla. 5th DCA 1995) (both community control and probation terms together cannot exceed the statutory maximum term).
In short, Williams' sentence was probably not a departure from the guidelines. Therefore, the district court's direction to the trial court to resentence Williams based on Thompson was error since Thompson misstates the statutory limit for community control.