PER CURIAM.
We affirm appellant’s sentence, but we strike the costs imposed and remand for their reimposition upon compliance with the appropriate procedures.
This cause comes to us pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. *1016 1396, 18 L.Ed.2d 493 (1967). Appellant pled guilty to attempted first-degree premeditated murder and was sentenced to thirty years in prison pursuant to a negotiated plea agreement in which appellant expressly agreed that the court could impose the departure sentence. A valid plea agreement specifying the permissible sentence is binding and sufficient without any stated reasons to justify departure from a presumptive sentence. Wolf v. State, 595 So.2d 1078 (Pla. 1st DCA 1992). We therefore affirm the sentence. We also note that, contrary to appellant’s argument in his pro se brief, State v. Gray, 654 So.2d 552 (Fla.1995), is inapplicable in the instant case. Appellant was charged with and pled guilty to attempted first-degree premeditated murder, not attempted felony murder.
Finally, we strike the costs imposed. At the sentencing hearing, the court announced only that it was “imposing] the statutory costs.” No cost was identified or its amount announced. The judgment only imposes “additional court costs in the sum of $235” without any reference to statutory authority. Upon remand, the court may reimpose the costs after following the procedures presented in Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995), and Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
MINER, ALLEN and MICKLE, JJ., concur.