PETERSON, J.
Stephen Jowett appeals an upward departure sentence imposed by the trial court without a valid written statement specifying the reason for departure as required by Florida Rule of Criminal Procedure 3.702(d)(18) and section 921.0016(l)(e), Florida Statutes (1997). We vacate the sentence.
Jowett entered into a plea agreement, the pre-printed terms of which included the requirement that he remain free of criminal violations prior to sentencing, and that if he failed to do so, he will have breached the agreement. The terms also provided that in the event of a breach, he-would not be allowed to withdraw his plea and the court could impose any sentence authorized by law including the statutory maximum for each crime.
Jowett was arrested and found guilty of driving under the influence between the time of his plea and the sentencing hearing. The trial court orally noted the con *122 viction, the breach of the plea agreement, and departed from the guidelines stating his cryptic reason in writing as: “1985 fraud (and) adj. w/h.” The state correctly ignores the trial court’s insufficient written reason for departure, but argues instead that a written reason was not required in this instance because Jowett agreed that if he violated the condition of his plea agreement to not commit a new offense, the trial court could impose any sentence authorized by law. In Quarterman v. State, 527 So.2d 1380 (Fla.1988), the supreme court affirmed a departure sentence based upon the breach of a condition of the plea agreement that if the defendant failed to appear for sentencing, the trial court could impose any sentence up to a maximum sentence of life in prison. The trial court’s reasons for departure are specifically set forth in the supreme court’s opinion, but neither the lower court’s opinion[1] nor the supreme court’s opinion reveals whether the trial court’s reasons were stated in the required writing.
Subsequently, the supreme court considered State v. Williams, 667 So.2d 191 (Fla.1996), in which the defendant appealed a departure sentence because the trial court failed to include in the record the written reason for the departure, to wit: the plea agreement provided for the specific departure sentence. The supreme court concluded that a plea agreement does not require written reasons to support a departure when a sentence does not exceed the statutory maximum and the terms of the plea agreement are apparent on the face of the record. The court stated:
[Wjhile it would be better form for a trial court to state in writing that the plea agreement is the reason for departure, the failure to do so does not invalidate a departure sentence imposed pursuant to a valid plea agreement. In other words, it will be clearer to all those involved in the criminal justice system if the trial court takes the time to fill in the sentencing guidelines form or otherwise indicate in writing that the plea agreement constitutes the basis for departing from the guidelines. But the failure to do so will not affect the validity of the sentence so long as the plea agreement is established in the record.
Id. at 194. (Footnote omitted).
Williams did not involve the situation in which the defendant commits a new offense between the time of his plea and sentencing and where the general language of the defendant’s plea agreement allowed for a deviation from an agreed upon guideline sentence upon commission of a post-plea offense. Neither did Williams involve the situation of the trial court setting forth improper written reasons.
In the instant case, only the pre-printed plea form warned of the possibility of an enhanced sentence upon the commission of a new offense and the trial court gave one cryptic, invalid written reason for departure. No attempt was made to write as a reason the violation of the plea agreement. C.f. Jones v. State, 573 So.2d 165 (Fla. 4th DCA 1991) (invalid written reason for departure, but the specific prison term imposed was contemplated by the plea agreement and clearly evident from the record). The trial court’s invalid written reason for departure differs completely from the trial court’s oral reason for departure and we hold under the facts of this case and in light of the many cases instructing courts of the need to write valid departure reasons, that the trial court erred by failing to state in writing a valid reason for departure. We vacate the sentence and remand for resentencing within the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990).
SENTENCE VACATED; REMANDED.
THOMPSON, J., concurs
HARRIS, J., dissents, with opinion.

. Quarteman v. State, 506 So.2d 50 (Fla. 2d DCA 1987).